UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH N. BROYLES                    CIVIL ACTION

VERSUS                               NUMBER 10-854-JJB-SCR

CANTOR FITZGERALD & CO., ET AL.


consolidated with


JOSEPH N. BROYLES, ET AL.            CIVIL ACTION

VERSUS                               NUMBER 10-857-JJB-SCR

CANTOR FITZGERALD & CO., ET AL.


This Notice and Supplemental Magistrate Judge's Report
applies to CV 10-854

### NOTICE

    Please take notice that the attached Supplemental Magistrate
Judge's Report has been filed with the Clerk of the U. S. District
Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 22, 2012.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH N. BROYLES

CIVIL ACTION

VERSUS

NUMBER 10-854-JJB-SCR

CANTOR FITZGERALD & CO., ET AL.


consolidated with


JOSEPH N. BROYLES, ET AL.       CIVIL ACTION

VERSUS                          NUMBER 10-857-JJB-SCR

CANTOR FITZGERALD & CO., ET AL.


This Supplemental Magistrate Judge's Report
applies to CV 10-854

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

The district judge's March 23, 2012 Order directed the undersigned to consider whether *Roland v. Green,* 675 F.3d 503 (5th Cir. 2012), has any impact on removal jurisdiction in this case and to issue a short report and recommendation.  Record document number 72.

Plaintiff's Motion for Remand to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana was denied October 5, 2012 for the reasons stated in the Magistrate Judge's Report.[1]  Neither the parties' arguments made in connection

---

[1] Record document number 18, motion; record document number 55, Magistrate Judge's Report; record document number 58, Ruling.

with that motion, nor the undersigned's analysis from the report, will be repeated in detail here. Following the district judge's order, the parties were given an opportunity to file memoranda addressing what impact, if any, the *Roland* decision has on removal and subject matter jurisdiction in this case, and they did so.[2]

The pertinent aspect of *Roland* is the standard for removal under the Securities Litigation Uniform Standards Act ("SLUSA") when the plaintiff alleges a misrepresentation "in connection with" the purchase or sale of securities. The court determined that:

> ... a misrepresentation is in connection with the purchase or sale of securities if there is a relationship in which the fraud and the stock sale coincide or are more than tangentially related. ... Accordingly, if [plaintiffs'] allegations regarding the fraud are more than tangentially related to (real or purported) transactions in covered securities, then they are properly removable and also precluded [by SLUSA].

*Roland*, 675 F.3d at 519-20 (internal quotations and emphasis omitted).

The court held in *Roland* that the alleged fraudulent schemes were not more than tangentially related to the purchase or sale of covered securities and therefore were not sufficiently connected to such purchases or sales to trigger SLUSA preclusion. The decision turned on the precise allegations of the nature and scope of the alleged fraudulent schemes, as pled by the plaintiffs.

Plaintiff here argued that in assessing the impact of *Roland*

---

[2] Record document number [77], plaintiff's memorandum; record document number [75], Commonwealth Advisors, Inc.'s and related defendants' memorandum; record document number [76], Cantor Fitzgerald & Co.'s memorandum.

the court should consider his allegations based on the amended complaints, essentially re-urged his arguments from his remand motion, and concluded that SLUSA does not form a basis for jurisdiction in this case.[3] Nevertheless, the plaintiff contended that the court has jurisdiction under the Class Action Fairness Act, and will retain that jurisdiction if the proposed amendments are permitted.[4]

Defendant Cantor Fitzgerald and the Commonwealth defendants made essentially the same arguments: *Roland* has no effect on the court's SLUSA jurisdiction in this case, and the court still has CAFA jurisdiction. As to SLUSA jurisdiction, the defendants maintained that the plaintiff's alleged scheme went beyond just inducing him to sell his covered securities and purchase shares in the CA Funds.[5]

Defendant's analysis is correct. Removal jurisdiction is determined by the allegations at the time of removal. As explained

---

[3] Record document number 77, pp. 7-10. See record document number 63, Motion for Leave to Amend, with proposed Second Amended And Restated Complaint. The court has not yet ruled on this motion. Plaintiff previously filed a First Amended and Restated Complaint, but then moved to withdraw it and replace it with a proposed First Amended And Restated Complaint. Record document numbers 59 and 60, If the plaintiff's motions are granted, the Second Amended And Restated Complaint would be the operative complaint for this case.

[4] Record document number 77, pp. 10-11.

[5] These are the CA High Yield Fund, LLC; the CA Core Fixed Income Fund, Ltd.; the CA Core Fixed Income, LLC; the CA Strategic Equity Offshore Fund, Ltd.; and Sand Spring Capital, Ltd.

in the Magistrate Judge's Report in more detail, the defendants did more than just induce the plaintiff to sell his covered securities and invest the proceeds in other assets, i.e. the CA Funds. Plaintiff retained Commonwealth to be his investment advisor in April 2006, which allowed Commonwealth to liquidate his individual investment assets and purchase interests in the CA Funds – funds created and managed exclusively by Commonwealth. Plaintiff alleged that by November 2007 Commonwealth had liquidated his entire individual investment portfolio. Plaintiff alleged his decision to invest in the CA Funds was based on misrepresentations that the CA Funds would own conservative, diversified securities like the stocks, bonds, and mutual funds he already owned, i.e. covered securities. Unlike the plaintiffs in *Roland*, the plaintiff here was not told only that he would be purchasing safe and secure investments which were preferable to other investments for various reasons. Defendants point out that the alleged scheme also included the generation of artificially high fees for the Commonwealth defendants through these sales of the plaintiff's individual investments and purchases of the CA Funds. Thus, the defendants argued, the sale of the plaintiff's individual investment portfolio was a necessary part of the alleged scheme.[6]

---

[6] Record document number 75, pp. 4-5; record document number 76, pp. 7-9. As argued by the defendants, the allegations in this case are more like those in *SEC v. Zanford*, 535 U.S. 813, 122 S.Ct. 1899 (2002), where the Supreme Court found that the alleged fraud
(continued...)

*Roland* clarifies the standard for determining when an alleged fraudulent misrepresentation is made in connection with the purchase or sale of a covered security, such that the case is subject to SLUSA. Applying that standard to the allegations in the plaintiff's Petition for Damages leads to the conclusion that the case was properly removed under SLUSA.

## Recommendation

It is the recommendation of the magistrate judge that the Ruling denying the plaintiff's Motion to Remand to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana be maintained.

Baton Rouge, Louisiana, May 22, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6](...continued)
depended on convincing the victims to sell their covered securities for the fraud to be accomplished.