UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, *et al.*

CIVIL ACTION

VERSUS

NO. 10-854-JJB
CONSOLIDATED WITH
NO. 10-857-JJB

CANTOR FITZGERALD & CO., *et al.*

### RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on a motion for reconsideration of this Court's ruling (Doc. 111) filed by Defendant Cantor Fitzgerald & Co. ("Cantor") (Doc. 114). Plaintiffs Joseph N. Broyles, *et al.*[1] (collectively referred to as "Plaintiffs") have filed an opposition. (Doc.119), to which Cantor has filed a reply. (Doc. 125). Oral argument is not necessary. For the reasons herein, the Court GRANTS Cantor's Motion for Reconsideration. (Doc. 114).

I.

On April 17, 2013, this Court granted Cantor's motion to dismiss with the exception of the aiding and abetting a breach of fiduciary duty claim because this Court determined that the parties had not adequately addressed the choice-of-law question. (Doc. 111). The Court concluded that under Louisiana law, aiding and abetting a breach of fiduciary duty is not a cognizable claim, but under New York and Delaware law, it is. The Court denied Cantor's motion to dismiss as to this claim finding that the parties had not adequately directed the Court to which law governed this claim. In Cantor's motion for reconsideration, Cantor asserts that (1) Louisiana law governs this claim and (2) this claim is derivative, not direct. (Doc. 114). For both

---

[1] Plaintiffs are individuals, Municipal Employee's Retirement System of Louisiana, the Registrar of Voters Employee Retirement System, and the Firefighters' Retirement System. (Doc. 87).

1

of these reasons, Cantor argues that this Court should dismiss the remaining claim against it. However, because the Court finds that Louisiana law governs this claim and because Louisiana law does not recognize a claim for aiding and abetting a breach of fiduciary duty, it is not necessary to reach the question as to whether the claim is direct or derivative.

II.

It is well-established that "an action for breach of a *fiduciary duty* arises from the special relationship between the fiduciary and the one who claims the duty. . . , which therefore arises in contract (or quasi-contract)." *Louisiana v. Guidry*, 489 F.3d 692, 705 (5th Cir. 2007) (emphasis in original). *See also Matthews v. Bancorpsouth Bank*, 2010 WL 797790, at *8 n.15 (M.D. La. Mar. 1, 2010); *see also Davis v. Karl*, 2010 WL 3312587, at *5 (E.D. La. Aug. 19, 2010) (dismissing plaintiff's claims for conspiracy to breach a fiduciary duty). Thus, because this claim is contractual in nature, the appropriate choice of law rule is Article 3537 of the Louisiana Civil Code, which governs contract actions.

Article 3537 provides

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code art. 3537.

Under the first consideration, the Court finds that Louisiana has the pertinent contacts to this claim. Fourteen out of the fifteen plaintiffs, Morales, and Commonwealth are domiciled in Louisiana. The plaintiffs entered into the fiduciary relationship with Morales and Commonwealth in Louisiana, and the losses sustained by the breach of the fiduciary relationship occurred in Louisiana. Although Cantor's principal place of business is in New York, the Second Amended Complaint (Doc. 87, hereinafter "SAC") alleges that Cantor "caused injuries to Louisiana residents through the creation and sale of securities in Louisiana," "joined together with one or more Louisiana residents to commit tortious acts against Louisiana residents," and "engaged in activities directed at the State of Louisiana." (SAC, ¶ 17). Thus, the state with the most pertinent contacts is Louisiana.

Under the second consideration, the Court finds that given the "nature, type, and purpose of the contract," Louisiana's policies would be most impaired if Louisiana law did not govern the claim. The claim against Cantor involves a relationship that was formed in Louisiana between a Louisiana investment advisor (Morales and Commonwealth) and investors primarily located in Louisiana. Morales and Commonwealth allegedly breached their fiduciary duty in Louisiana and, as Cantor argues, any claim for aiding and abetting the "alleged misconduct of Louisiana investment advisors with respect to Louisiana clients" should be governed by Louisiana law. (Doc. 125 at 12). Thus, although Louisiana does not recognize a claim for aiding and abetting a breach of fiduciary duty, Louisiana's policies favor the application of Louisiana law in this instance.

Finally, under the third consideration, the Court finds that policy considerations enumerated in Article 3515 also mandate that Louisiana law should govern. Article 3515 provides that "an issue in a case having contacts with other states is governed by the law of the

3

state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code. art. 3515. The court must consider the "the relationship of each state to the parties and the dispute" and "the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state." *Id.* The Court finds that these policies require application of Louisiana law for the reasons already discussed.

III.

Accordingly, Cantor's Motion for Reconsideration is GRANTED (Doc. 114) and the remaining claim asserted against Cantor is hereby DISMISSED.

Signed in Baton Rouge, Louisiana on June 3rd, 2013.

_____

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**