UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, *et al.*

                                                                    CIVIL ACTION

VERSUS

                                                                    NO. 10-854-JJB
                                                                    CONSOLIDATED WITH
                                                                    NO. 10-857-JJB

CANTOR FITZGERALD & CO., *et al.*

### RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is before the Court on a motion for reconsideration of this Court's ruling (Doc. 111) filed by Plaintiffs Joseph N. Broyles, *et al.*[1] (collectively referred to as "Plaintiffs") (Doc. 118). Defendant Cantor Fitzgerald & Co. ("Cantor") has filed an opposition. (Doc.130). Oral argument is not necessary. For the reasons herein, the Court DENIES Plaintiffs' Motion for Reconsideration. (Doc. 118).

I.

On April 17, 2013, this Court granted Cantor's motion to dismiss with the exception of the aiding and abetting a breach of fiduciary duty claim because this Court founds that the parties had not sufficiently briefed the choice of law question. (Doc. 111). On June 3, 2013, this Court granted Cantor's motion for reconsideration and dismissed the remaining claim asserted against Cantor, finding that aiding and abetting a breach of fiduciary duty was not a cognizable claim under Louisiana law. (Doc. 129). Plaintiffs have filed this present motion, asking this Court to reconsider the portion of the ruling dated April 17, 2013, where this Court dismissed Plaintiffs'

---

[1] Plaintiffs are individuals, Municipal Employee's Retirement System of Louisiana, the Registrar of Voters Employee Retirement System, and the Firefighters' Retirement System. (Doc. 87).

holder claim, finding that it was derivative. (Doc. 111). Plaintiffs argue that this holding was erroneous, and contend that the holder claim belongs to the Plaintiffs because it is a direct claim.

This motion was filed within twenty-eight days of the Court's ruling, so it is considered a Rule 59(e) motion. "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotations omitted). However, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479. Instead, a motion for reconsideration is for the purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (citations and quotations omitted).

The Court finds that the Plaintiffs' motion is a repetition of arguments already put forth in front of and rejected by this Court. Accordingly, Plaintiffs' motion for reconsideration is DENIED. (Doc. 118). The Court declines to reach the issue of whether Plaintiffs should be granted leave to file a third amended complaint, as that matter is pending before the Magistrate Judge.

Signed in Baton Rouge, Louisiana on June 6, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**