UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES

VERSUS

CANTOR FITZGERALD & CO., ET AL

CIVIL ACTION

NO. 10-854-JJB

*consolidated with*

JOSEPH N. BROYLES, ET AL

VERSUS

CANTOR FITZGERALD & CO. ET AL

CIVIL ACTION

10-857-JJB

## RULING

This matter is before the Court on two motions. The first motion that the Court will address is a Motion (doc. 161) to Strike and Alternative Motion to Conduct Discovery brought by counterclaim plaintiff, J.P. Morgan Clearing Corp. ("J.P. Morgan"),[1] on its own behalf and as successor to Bear Stearns Securities Corp. ("Bear Stearns"). Counterclaim defendants, CA Core Fixed Income Fund, LLC, CA Core Fixed Income Offshore Fund, Ltd., CA High Yield Fund, LLC, CA High Yield Offshore Fund, Ltd., and Sand Springs Capital III Master Fund, LLC (collectively referred to herein as the "CA Funds"), have filed an opposition (doc. 164). The second motion that the Court will address is a Motion (doc. 158) to Dismiss Counterclaim brought by the CA Funds. J.P. Morgan has filed an opposition (doc. 163). The CA Funds have filed a reply (doc. 168), to which J.P. Morgan has filed a sur-reply (doc. 177). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

**I.     Background**

---

[1] Improperly named as J.P. Morgan Securities, LLC.

The CA Funds have filed suit against J.P. Morgan and others asserting several causes of action under various state and federal corporate and securities laws. (Doc. 185). The CA Funds allege that J.P. Morgan and others have committed "a variety of wrongs relating to and arising out of the CA Funds' investments in the Collybus CDO." (Doc. 185, at ¶ 1). As it specifically relates to J.P. Morgan and Bear Stearns, the CA Funds allege that Bear Stearns was aware of red-flags presented by the unlawful transactions complained of in the suit, but nevertheless "materially participated in, aided and abetted such transactions[.]" (Doc. 185, at ¶ 85).

J.P. Morgan has asserted counterclaims against the CA Funds by way of its answer. (Doc. 62 in No. 10-857). J.P. Morgan alleges that the CA Funds entered into various agreements with Bear Stearns including institutional account agreements and other supplemental agreements. (Doc. 62, p. 75, at ¶ 5). J.P. Morgan further alleges that these agreements contained representations and warranties in which the CA Funds agreed, among other things, that Bear Stearns was not its fiduciary or advisor and that it would not rely upon Bear Stearns "taking any action with respect to any account, position, or activity." (Doc. 62, p. 75, at ¶ 6). J.P. Morgan also alleges that the CA Funds further agreed to limit Bear Stearns' liability and that Bear Stearns shall have no liability for "any consequential, indirect, incidental, or similar damages…and irrevocably and unconditionally waive[d] any right" to recovery any such damages. (Doc. 62, p. 76, at ¶¶ 8-9). Finally, J.P. Morgan alleges that the CA Funds agreed to indemnify Bear Stearns for all losses associated with any claims. (Doc. 62, p. 76, at ¶ 10).

Based upon the foregoing allegations, J.P. Morgan asserted two counterclaims against the CA Funds: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing. The CA Funds have brought the present motion to dismiss contending that J.P. Morgan's claims should be dismissed under several theories.

## II. Discussion

Before substantively addressing the motion to dismiss, the Court must decide whether to consider the documents attached thereto by the CA Funds. When determining whether to grant a motion to dismiss, courts cannot look beyond the pleadings. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). That said however, under the *Collins* exception, a court may consider documents attached to a motion to dismiss if such documents are referenced in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* (discussing the exception recognized in *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)). Whether to consider documents outside of the pleadings is left to the "complete discretion" of the trial court. *Isquith ex rel. Isquith v. Middle South Utils. Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). If the court decides to consider matters outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment. *See id.*; *see also* FED. R. CIV. P. 12(d).

In its motion to strike, J.P. Morgan argues that exhibits attached to the CA Funds' motion to dismiss, including documents concerning the CA Funds' Chapter 11 reorganization proceedings captioned, *In re: Sand Spring Capital III, LLC, et al.*, Case No. 11-13393 (Bankr. D. Del.), and documents referring to FINRA and Securities and Exchange Commission notices and rule changes, should not be considered during the Court's review of the motion to dismiss. J.P. Morgan argues that such documents should not be considered because they were not referenced in J.P. Morgan's counterclaim and are not central to J.P. Morgan's claims. J.P. Morgan further argues that the documents are submitted in support of the CA Funds' affirmative defenses, which J.P. Morgan avers, should not be considered at this time. In the event that the Court decides to consider the attached documents, J.P. Morgan requests leave to conduct discovery. In response, the CA Funds argue that the Court should take judicial notice of these documents as permitted by

3

both binding and persuasive precedent. The CA Funds further argue that J.P. Morgan has failed to identify any genuine issue of material fact and therefore, its request for discovery should be denied.

After review, the Court finds that J.P. Morgan's motion to strike should be granted. The documents attached to the CA Funds' motion to dismiss are neither referenced in J.P. Morgan's counterclaim nor central to J.P. Morgan's claim. Accordingly, they do not satisfy the requirements necessary to permit the Court to look beyond the pleadings. *See Scanlan*, 343 F.3d at 337 (finding that the trial court erred when it considered evidence that did not qualify under the *Collins* exception). Furthermore, the Court declines to take judicial notice of the attached documents. As J.P. Morgan asserts and CA Funds acknowledge, these documents are submitted to support, and are central to a determination of, CA Funds' affirmative defenses. Even a cursory review of the parties' submissions concerning the motion to dismiss reveals a fervent dispute as to the applicability and enforceability of these documents. This alone militates against the Court taking judicial notice of the attached documents. *See Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (agreeing with sister circuits that a court cannot take judicial notice of facts subject to reasonable dispute).

Additionally, the Court deems consideration of these affirmative defenses premature at this stage of the litigation for several reasons. First, a successful affirmative defense does not appear clearly on the face of J.P. Morgan's pleadings. *See Clark v. Amoco Production Co.*, 794 F.2d 967, 970-71 (5th Cir. 1986) (reversing the trial court's dismissal on the basis of an affirmative defense when the complaint did not establish each element of the proffered defense). Second, as previously mentioned, the applicability and enforceability of the attached documents are hotly contested, and thus, so are the merits of the CA Funds' affirmative defenses. Finally,

the affirmative defenses present genuine issues of material fact which may be better resolved after consideration of the fully developed record after discovery.

In short, as the submissions make clear, a consideration of these documents would send the Court down a proverbial rabbit hole, requiring the determination of intertwined, complex, and highly fact dependent issues of law. Such a determination is both imprudent and improper at this stage of the litigation. Accordingly, J.P. Morgan's motion to strike is granted.[2]

Guided by its holding concerning the motion to strike and its declination to consider the CA Funds' affirmative defenses at this time, the Court's inquiry on the motion to dismiss is focused on whether J.P. Morgan has stated plausible claims for breach of contract and breach of the covenant of good faith and fair dealing that withstand dismissal.[3]

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Facts must be viewed in the light most favorable to the non-movant. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). In order to survive a motion to dismiss, the complaint must plead "enough facts to

---

[2] J.P. Morgan's motion to strike is also granted to the extent that it urges the Court to strike the CA Funds' request for "contempt sanctions." The CA Funds withdrew its request through its opposition, but reserves all rights to reassert this request before the bankruptcy court. (Doc. 164, at 11).

[3] Throughout its submissions, the CA Funds argue that the bankruptcy court is the proper forum in which J.P. Morgan should bring its claims and therefore, J.P. Morgan is enjoined from pursuing its claims in this Court. Though the CA Funds initially urged the Court to interpret and enforce the bankruptcy court's order and find that the order enjoins J.P. Morgan from seeking redress in this Court and/or that J.P. Morgan's claims have been discharged in bankruptcy, in its reply, the CA Funds do an about-face and argue that the Court is precluded from doing this by *Celotex v. Edwards*, 514 U.S. 300 (1995). Not only does the Court believe this to be disingenuous, but the Court finds it to be incorrect. J.P. Morgan's claims do not collaterally attack the bankruptcy court's order. Instead, by adjudicating J.P. Morgan's claims, the Court will be called upon to do exactly what the CA Funds initially urged this Court to do when it presented its discharge defense, and that is to interpret the bankruptcy order to determine its applicability to, and therefore enforceability against, J.P. Morgan. These are appropriate determinations to be made in this forum. *See Velasquez v. Delta Airlines, Inc.*, No. 2:07-CV-796 TS, 2008 WL 2225832, *2 (D. Utah May 29, 2008) (finding that "[t]he affirmative defense of 'discharge in bankruptcy' is appropriately raised in nonbankruptcy forums.").

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id.* at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A review of the counterclaim reveals that J.P. Morgan has alleged sufficient factual matter to assert a plausible claim for breach of contract against the CA Funds. To state a breach of contract claim, J.P. Morgan must prove the following elements: "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011). Here, J.P. Morgan has satisfied these elements by alleging that it and the CA Funds executed several agreements in which the CA Funds agreed to, *inter alia*, limit J.P. Morgan's liability for "any consequential, indirect, incidental, or similar damages…and irrevocably and unconditionally waive[] any right" to recover any such damages; that the CA Funds breached these agreements by filing suit against J.P. Morgan for alleged improprieties; and as a result of this breach, J.P. Morgan has suffered and continues to suffer damages. *See Counterclaim,* Doc. 62 in 10-857, p. 75-76, ¶¶ 5-14. Accordingly, J.P. Morgan has stated a claim for breach of contract.

Further review of the counterclaim reveals that J.P. Morgan's claim for breach of the covenant of good faith and fair dealing is insufficiently pled. Louisiana law imposes a duty upon contracting parties to perform their duties in good faith. *See* LA. CIV. CODE ARTS. 1983, 1759. Before a court may make a judicial determination of bad faith performance, it must first be shown that there was a breach of contract. *Favrot*, 68 So. 3d at 1110 ("Stated another way, we

do not examine a party's good faith (or bad faith) *unless and until* we find that the party has failed to perform an obligation, from which the obligee has sustained damages."). Courts have defined bad faith as "mean[ing] more than mere bad judgment or negligence and it implies the conscious doing of a wrong for dishonest or morally questionable motives." *Volentine v. Raeford Farms of Louisiana, L.L.C.*, 121 So. 3d 742, 753 (La. App. 2 Cir. 2013); *see also Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir 2002) (relying upon a similar definition of bad faith).

The CA Funds argue that J.P. Morgan has failed to state a claim for breach of the covenant of good faith and fair dealing because it has failed to allege that the CA Funds acted with malicious intent. The Court agrees. Rule 9(b) of the Federal Rules of Civil Procedure requires that malice and intent be alleged generally. Here, J.P. Morgan relies upon allegations that demonstrate that the CA Funds breached their contract. While the Court may infer that the breach was conscious, there are not additional facts to make it plausible, and not just possible, that the conscious breach was motivated by "dishonest or morally questionable motives." Accordingly, J.P. Morgan's claim for breach of the covenant of good faith and fair dealing should be dismissed.

However, J.P. Morgan has requested leave to amend its counterclaim in the event that the Court found this claim to be deficient. While it is true that "a bare request in an opposition to a motion to dismiss…does not constitute a motion for [leave to amend]," *Pension Fund v. Integrated Electrical Services, Inc.,* 497 F.3d 546, 555-56 (5th Cir. 2007) (citations omitted), district courts may allow plaintiffs at least one opportunity to cure any deficiencies found in the pleadings before dismissing their case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). A court may deny a request to amend to avoid "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Pension Fund*, 497 F.3d at 556 (citation omitted). J.P. Morgan avers that it can specifically allege facts to cure the counterclaim's deficiency. Therefore, the Court will grant J.P. Morgan's request for leave to amend.

### III. Conclusion

For the reasons stated herein, J.P. Morgan's Motion (doc. 161) to Strike is GRANTED and the CA Funds' Motion (doc. 158) to Dismiss is DENIED.

J.P. Morgan shall file an amended counterclaim consistent with this Court's ruling within 7 days.

Signed in Baton Rouge, Louisiana, on June 18, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**