UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, ET AL.

VERSUS

CANTOR FITZGERALD & CO., ET AL.

CIVIL ACTION

NO. 10-854-JJB-SCR

**THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00857-JJB-SCR**

**RULING ON MOTION TO DISMISS**

Before this Court are the Motions to Dismiss for Lack of Personal Jurisdiction of several named Defendants. First, Defendant, Michelle Wilson-Clarke, filed a Motion to Dismiss solely based on this Court lacking personal jurisdiction. (Doc. 200). Second, Defendants, Anthony Guaimano, Kenneth Williams, Mitchell Gage, and Jack Turner, filed a Motion to Dismiss on several grounds including lack of personal jurisdiction. (Doc. 197). Finally, Defendant, Michael Jennings, filed a Motion to Dismiss on several grounds including lack of personal jurisdiction. (Doc. 201). Several responsive briefs were filed with regard to these motions.

Anthony Guaimano and Michael Jennings, since filing, have withdrawn their Motions to Dismiss for Lack of Personal Jurisdiction. (Doc. 244 at 72, citing docs. 197, 220, and 224). Michelle Wilson-Clarke, Kenneth Williams, Mitchell Gage, and Jack Turner are the only individual-defendants with Motions to Dismiss for lack of personal jurisdiction remaining before this Court.

**STANDARD OF REVIEW**

When a nonresident-defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Dykes v. Maverick Motion Picture Grp., LLC*, No. 08-536-JJB-CN, 2011 WL 900276, at *2 (M.D. La.

Mar. 14, 2011), citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When considering a motion to dismiss for lack of personal jurisdiction, the Fifth Circuit directs courts to accept plaintiff's allegations as true, other than those which are controverted by the defendant or are simply conclusory statements, and to resolve conflicts between the parties' facts in plaintiff's favor. *Id*. citing *Panda Brandywine v. Potomac*, 253 F.3d 865, 868 (5th Cir. 2001).

A court may exercise personal jurisdiction over a nonresident defendant only if the forum state's long-arm statute confers personal jurisdiction and the exercise of personal jurisdiction does not exceed the boundaries of due process. *Dykes*, at *4. The long-arm statute of Louisiana, the forum state here, authorizes the exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment. *Id*. A court's exercise of personal jurisdiction over a nonresident defendant comports with the due process clause when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that state and (2) the court's exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The "minimum contacts" inquiry is fact intensive and no one element is decisive; rather, the touchstone is whether the defendant purposely directed his activities towards the forum state, such that he could reasonably foresee being haled into court there. *Luv N' Care Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 470 (5th Cir.2006), quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A party may establish minimum contacts sufficient for the state to assert specific jurisdiction or general jurisdiction. *Alpine View Co. v. Atlas Copco, A.B.*, 205 F.3d 208, 215 (5th Cir.2000).

Specific jurisdiction exists if a nonresident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). That is, for a court to exercise specific jurisdiction (1) the defendant must have directed activities or purposely availed itself of the privileges of conducting activities in the forum state; (2) the cause of action must arise out of the defendants forum-related contacts; and (3) the court's exercise of jurisdiction must be fair and reasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *Burger King*, 471 U.S. at 472.

Moreover, even if a defendant corporation has established minimum contacts by contracting with the plaintiff in the forum state, a court may not exercise jurisdiction over a corporate representative whose activities were directed towards the forum state solely on behalf of the corporation, and in his capacity as a corporate representative. *Miller v. Am. Gen. Fin. Corp.*, 2002 WL 2022536, at *12 (E.D. La. Sept. 4, 2002). Instead, for a court to exercise jurisdiction over a corporate representative, the individual must have personally engaged in activities within the forum state which would bring him within the state's long-arm statute, *H.R. Temps, Inc. v. Indus. Mech. Fabricators, Inc.*, 1992 WL 167034, at *3 (E.D .La.1992), for instance, by committing a tort, such as fraud, in the forum state. *See*, *e.g.*, La. Rev. Stat. Ann. § 13:3201(3) (stating that a Louisiana court may exercise personal jurisdiction over a non-resident defendant if the defendant causes injury or damage by an offense committed in the state).

After determining whether a defendant has sufficient minimum contacts, the court must next determine whether the exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. In doing so, the court considers (1) the

burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interest of other states in securing the most efficient resolution to the controversy; and (5) the shared interest of the several states in furthering fundamental social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

## DISCUSSION

Defendant, Michelle Wilson-Clarke, argues that this Court does not have general jurisdiction over the Defendant. Defendant cites to recent Supreme Court jurisprudence limiting the applicability of general jurisdiction to out-of-state defendants. The Court limited the occasions when a defendant could be susceptible to general jurisdiction: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54). Plaintiffs' Opposition does not provide a counterargument with regard to this Court's general jurisdiction. Therefore, the Court accepts and adopts Defendant's argument for why the Court lacks general personal jurisdiction.

Plaintiffs do argue that this Court has specific personal jurisdiction over Defendant, Wilson-Clarke, in its Opposition. (Doc. 228). Plaintiffs first argue that Wilson-Clarke, who served as director of several CA Funds (doc. 228 at 1), has had sufficient minimum contacts with the state. As director, Wilson-Clarke approved the contract retaining Morales and Commonwealth as the only investment advisor. (Doc. 228 at 2). Plaintiffs allege that Wilson-Clarke "conducted and solicited business within the state, as evidenced by the vast majority of Louisiana investors, the large number of securities sold into the state, and the prominent role played by Commonwealth, a Louisiana corporation with its principal place of business, and all

business operations, in Baton Rouge, Louisiana." (Doc. 228 at 8). Plaintiffs' allegations also assert that Wilson-Clarke, while serving as director, "exchanged numerous phone calls and emails with Commonwealth employees in Louisiana." (Doc. 228 at 5).

Plaintiffs also argue jointly that Williams, Gage, and Turner are also subject to the specific personal jurisdiction of this Court. (Doc. 244) Defendants are all nonresidents of the state of Louisiana. Plaintiffs attempt to assert several factual allegations against these defendants to establish minimum contacts for specific personal jurisdiction. (Doc. 244 at 74).

> [Each Defendant] directly participated in the conduct and could have reasonably foreseen that harm would result in Louisiana. Each played a central role in negotiating, orchestrating and approving the transactions in connection with the formation of Collybus and the fraudulent sale of the Countrywide Bonds. Turner further played a direct role in the prearranged sales of securities with the CA Funds, including approving the trades and directing them through the book of a trader, Frigon, whom he knew had no ability to price the bonds.

(Doc. 244 at 75).

Plaintiffs have attempted to establish minimum contacts between the four individual defendants considered herein and the state of Louisiana. The allegations asserted are lightly, if at all, grounded in fact and instead culminate in conclusory allegations. The strongest facts asserted circle around each Defendants' employment or title. It has been well-established that "the mere fact that a corporation may be subject to jurisdiction does not mean that the court has jurisdiction over its nonresident officers, directors, agents, and employees." *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Allegations that Defendants made phone calls to, sent emails to, and entered into contracts with individuals in the forum, are insufficient to establish minimum contacts with the forum. See *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985); see also *Hold Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777-8 (5th Cir. 1986).

5

For the reasons stated herein and those asserted by Defendants in their briefs, the Court finds that Plaintiffs did not satisfy its burden of establishing that this Court has personal jurisdiction over Defendants.

## **CONCLUSION**

This Court has considered the Motions to Dismiss for Lack of Personal Jurisdiction by Michelle Wilson-Clarke (doc. 200) and by Kenneth Williams, Mitchell Gage, and Jack Turner (doc. 197). This Court also considered all responsive briefs filed by the Fund-Plaintiffs and the Defendants in this matter.

All Motions to Dismiss for Lack of Personal Jurisdiction are **GRANTED.**

Signed in Baton Rouge, Louisiana, on December 8, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**