UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, ET AL.

CIVIL ACTION

VERSUS

NO. 10-854-JJB-SCR

CANTOR FITZGERALD & CO., ET AL.

THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00857-JJB-SCR

RULING ON MOTION TO RECONSIDER

This matter is before the Court on Plaintiff's Motion (doc. 280) for Reconsideration. Plaintiff, "the Funds", seeks partial reconsideration for this Court's ruling on December 8, 2014 (doc. 272) insofar as the Ruling dismissed Plaintiff's claims against Stone & Youngberg Defendants for primary and secondary liability under Louisiana Securities Law. Stone & Youngberg opposes the motion (doc. 295). The Funds filed a reply brief (doc. 300). Stone & Youngberg Defendants includes individual-defendant, Michael Jennings, who filed an Opposition to the Motion to Reconsider, adopting the arguments of Stone & Youngberg (doc. 296). The Court has considered the motion and all responsive briefs.

**STANDARD OF REVIEW**

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. Rule Civ. P. 54(b). A Court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "District courts have

considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010)). Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995). Further, under 59(e), which also provides guidance as to the standard applicable to a Rule 54(b) motion for reconsideration, *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp.2d 471, 475 (M.D. La. 2002), a court should only consider altering or amending a judgment where the moving party meets the high burden of clearly demonstrating a manifest error of law or fact, newly discovered evidence, an intervening change in the law, or that the amendments is necessary to prevent a manifest injustice.

## **DISCUSSION**

In the Court's prior ruling (doc. 272), the Court outlined the facts of this case and will not repeat the facts in the same detail here. After reviewing the motion and responsive briefs, the Court refuses to reconsider its prior ruling. The prior ruling considered whether the Funds sufficiently pled facts to make plausible a claim of primary and secondary liability under Louisiana Securities Law against Stone & Youngberg Defendants. In its Motion to Reconsider, the Funds repeat the same facts it previously asserted in the Second Amended Complaint and oppositions to motions to dismiss. The Funds fail to point this Court's attention to any newly discovered evidence that may satisfy the high burden for reconsideration.

## **CONCLUSION**

After review of the Motion to Reconsider and responsive briefs, the Court finds that the Funds failed to provide substantial reasons to convince the Court that it must consider its previous ruling.

Accordingly, the Funds' Motion (doc. 280) to Reconsider is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 5, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**