JOSEPH N. BROYLES, ET AL.

                                 CIVIL ACTION

**VERSUS**

                                 NO. 10-854-JJB-SCR

CANTOR FITZGERALD & CO., ET AL.

## THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00857-JJB-SCR

## RULING ON MOTION TO RECONSIDER

This matter is before the Court on Plaintiff's Motion (doc. 281) for Reconsideration. Plaintiff, "the Funds", seeks partial reconsideration for this Court's ruling on December 8, 2014 (doc. 272) insofar as the Ruling dismissed Plaintiff's claims against J.P. Morgan defendants for secondary liability under Louisiana Securities Law. J.P. Morgan opposes the motion (doc. 294). The Funds filed a reply brief (doc. 301), which J.P. Morgan then moved to strike (doc. 306). J.P. Morgan's motion to strike alternatively moved for permission to grant a surreply. The Funds opposed this motion to strike (doc. 307). The Court has considered all motions and responsive briefs and will rule jointly herein.

## STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. Rule Civ. P. 54(b). A Court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean*

*Morris, LLP*, 2013 WL 2387768, at \*1 (M.D. La. May 30, 2013). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at \*2 (M.D. La. May 20, 2010)). Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995). Further, under 59(e), which also provides guidance as to the standard applicable to a Rule 54(b) motion for reconsideration, *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp.2d 471, 475 (M.D. La. 2002), a court should only consider altering or amending a judgment where the moving party meets the high burden of clearly demonstrating a manifest error of law or fact, newly discovered evidence, an intervening change in the law, or that the amendments is necessary to prevent a manifest injustice.

## DISCUSSION

The Court delineated the facts of this case in its prior ruling and will not recount those facts at length (doc. 272). After reviewing the relevant briefing, the Court refuses to reconsider its prior ruling. The Court's prior ruling considered whether the Funds sufficiently pled facts to make plausible a claim of "material participation" under Louisiana Securities Law against J.P. Morgan. Here, the Funds repeat the same facts previously asserted in the Second Amended Complaint and those relied on for the Court's prior ruling. The Funds point to no newly discovered evidence that may convince the Court that a different outcome is in order.

In the Funds' reply brief, they cite to a recent Fifth Circuit decision to suggest this Court's prior ruling was erroneous (doc. 301, at 2). The Court considered the Fifth Circuit's recent ruling in *Heck v. Triche* and found it had no bearing on the outcome of this case. In the

Court's prior ruling, it summarizes an argument made by J.P. Morgan that considered the ruling in *Heck v. Buhler*, 2013 WL 3341057 (M.D. La. July 2, 2013) (doc. 272, at 14 n.7). The Court notes the argument by J.P. Morgan, but nowhere does this Court analyze the *Heck* case or adopt the arguments by J.P. Morgan. For purposes of this Motion to Reconsider, the Court considered the more recent outcome in *Heck v. Triche*, 2014 WL 7335023 (5th Cir. 2014) only to find that it provides no substantial reason for this Court to re-evaluate its previous determination.

### CONCLUSION

Based on review of the relevant briefs, the Funds failed to provide substantial reasons to convince this Court that it must reevaluate its previous determination. In light of denying the motion to reconsider, the Court also finds no reasons to grant the motion to strike.

Accordingly, the Court **DENIES** Plaintiff's Motion (doc. 281) for Reconsideration and Defendant's Motion (doc. 306) to Strike.

Signed in Baton Rouge, Louisiana, on February 5, 2015.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**