UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, ET AL.

VERSUS

CANTOR FITZGERALD & CO., ET AL.

CIVIL ACTION

NO. 10-854-JJB-SCR

THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00854-JJB-SCR

RULING ON MOTION TO RECONSIDER

This matter is before the Court on Plaintiff's Motion (doc. 289) for Reconsideration. Plaintiff, "the Investors", seeks partial reconsideration for this Court's ruling on December 8, 2014 (doc. 274) insofar as the Ruling dismissed Plaintiff's claims against Stone & Youngberg Parties. The Court ruled that the Investors failed to demonstrate their standing to sue the Stone & Youngberg parties. *Id*. at 7. Stone & Youngberg opposes the motion (doc. 304). The Funds filed a reply brief (doc. 312) The Court has considered the Investors' motion and all responsive briefs.

**STANDARD OF REVIEW**

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. Rule Civ. P. 54(b). A Court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the

1

federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010)). Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995). Further, under 59(e), which also provides guidance as to the standard applicable to a Rule 54(b) motion for reconsideration, *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp.2d 471, 475 (M.D. La. 2002), a court should only consider altering or amending a judgment where the moving party meets the high burden of clearly demonstrating a manifest error of law or fact, newly discovered evidence, an intervening change in the law, or that the amendments is necessary to prevent a manifest injustice.

## **DISCUSSION**

The Court's previous ruling outlined the facts of this case (doc. 274), and it will not recount those facts at length herein. After reviewing the Investors' motion and the responsive briefs, the Court refuses to reconsider its prior ruling. The Court's prior ruling considered whether the Investors had standing to assert the same claims as the Funds-Plaintiff against the Stone & Youngberg Defendants. Here, the Investors repeat the same facts and arguments previously stated in an attempt to distinguish its claims from those of the Funds. The Investors do not provide new arguments or explanations that would convince the Court to grant the Motion to Reconsider.

The reply brief attempts to bring in new evidence that is immaterial to the arguments that were raised in the motion to reconsider (doc. 312, at 4-5). Further, the reply asks this Court to, in the alternative, certify its ruling as a final judgment under Rule 54(b) of the Federal Rules of

Civil Procedure. *Id*. at 8-9. There is a policy of avoiding piecemeal appeals, and the reply brief does not provide sufficient grounds for this Court to deviate from that policy.

## **CONCLUSION**

Based on review of the relevant briefs, the Investors failed to provide substantial reasons to convince this Court that it must reevaluate its previous ruling or certify its ruling as final.

Accordingly, the Investors' Motion (doc. 289) to Reconsider or, in the Alternative, to Certify Judgment as Final is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 10, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**