UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, ET AL.

VERSUS

CANTOR FITZGERALD & CO., ET AL.

CIVIL ACTION

NO. 10-854-JJB-SCR

**RULING ON MOTION TO SEVER**

Before this Court is the Motion to Sever and Proceed Separately (doc. 338), as filed by the S&Y Parties.[1] At the time it filed the motion at issue, S&Y Parties received consent from Plaintiff-CA Funds and "all other parties to this Action except Defendants Kevin Miller, Walter Morales, and Commonwealth and the Plaintiff-Investors" (doc. 338, at 1). Subsequently, an opposition was filed by two of the Commonwealth-Defendants (doc. 342).[2] The motion and all responsive briefs have been considered by the Court.

S&Y Parties' motion asks this Court to sever the two consolidated matters and order that they proceed separately so that they can be handled more efficiently and economically. S&Y Parties are of the belief that the cases will be handled more efficiently and economically when separate provided that a series of suggested accommodations are followed. These proposed accommodations all involve the parties in both cases agreeing to work together for purposes of discovery.

Commonwealth-Defendants oppose the motion to sever and point this Court's attention to the five-factor standard this Court has previously adopted from the Eastern District of Louisiana in determining whether a claim or claims should be severed:

> (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and, (5) whether different witnesses and documentary proof are required for separate claims.

*Melancon v. Town of Sorrento*, No. Civ.A. 12-746-JWD, 2015 WL 410866, at *5 (M.D. La. Jan 29, 2015). It is the argument of Commonwealth-Defendants that all five factors weight against

---

[1] "S&Y Parties" herein refers to Stone & Youngberg, LLC, Stifel Financial Corp., Stifel Nicolaus & Company, Inc., and Anthony Guaimano.
[2] "Commonwealth-Defendants" herein refers to Walter Morales and Commonwealth.

severance of the two consolidated matters. Most convincing is Commonwealth-Defendants arguments as to the fifth factor. Commonwealth-Defendants urge that if the matter is severed, many of the witnesses will be deposed twice in separate proceedings, in addition to many already having been deposed by the SEC (doc. 342-1, at 2). As Commonwealth-Defendants acknowledge, the S&Y Parties are seeking severance at an early stage since discovery is set to continue for only slightly less than another year.[3]

The Court recognizes that its ruling in December 2014 dismissed certain claims against S&Y Parties. S&Y Parties express a concern that continued consolidation will subject them to discovery on claims that have already been dismissed (doc. 345, at 5). While recognizing S&Y Parties' concern, the Court must reiterate the point made by S&Y Parties themselves, which is that this Court has already ruled to dismiss certain claims and that should be considered as discovery proceeds. A district court has broad discretion over whether to sever issues and claims. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Finding that it is premature at this early stage in discovery to order severance, this Court DENIES the Motion to Sever and Proceed Separately (doc. 338). If managing discovery with a large number of parties remains a concern, this Court would suggest that the parties consider the services of a Special Master for purposes of discovery.

Signed in Baton Rouge, Louisiana, on June 25, 2015.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] S&Y Parties own brief on a separate issue acknowledges that discovery is scheduled to last until April of 2016 (doc. 331-1, at 5).