UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH N. BROYLES, ET AL. | * | CIVIL ACTION NO.: 3:10-CV-00854-JJB-SCR |
| | * | |
| VERSUS | * | |
| | * | |
| CANTOR FITZGERALD & CO., ET AL. | * | CONSOLIDATED WITH: |
| | * | CIVIL ACTION NO. 3-10-CV-00857-JJB-SCR |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00857-JJB-SCR**

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
AS TO ONE WITNESS' OPINION OF ANOTHER WITNESS' TESTIMONY**

Defendants Stone & Youngberg, LLC, Stifel Financial Corporation, Stifel, Nicolaus & Company, Inc., and Anthony Guaimano (collectively, the "S&Y Parties") submit this Motion *in Limine* to exclude from trial any testimony or evidence regarding whether one witness believes another witness' trial or pretrial testimony was untruthful. In depositions, Plaintiffs have sought to have two witnesses with differing understanding or recollections characterize the other's testimony as "a lie" or as "false." The law is clear that such testimony is inadmissible under the Federal Rules of Evidence and improperly intrudes upon the jury's central function of determining the credibility of the witnesses for itself. Moreover, in this instance, neither witness even has personal knowledge of the issue upon which they disagree.

1.

From 2009 to 2011, former S&Y employees Jack Turner and Michael Jennings participated in a series of Securities and Exchange Commission ("SEC") interviews and depositions. They were each asked whether a third person, Doug Frigon, independently priced the securities at issue in this litigation at the time of the trades.

- 1 -

2.

At one time, both Turner and Jennings believed that Frigon had priced the securities, but neither claimed to observe him doing so or even to have discussed it with him. They based their conclusions as to Frigon's conduct on their own expectations and, later, upon information conveyed to them by other people.

3.

Turner initially told the SEC that he was "under the impression" that Frigon had priced the securities, and then subsequently told the SEC that he had since been told otherwise.

4.

Jennings told the SEC that that he had learned from another source – not Frigon or Turner – that Frigon did not price the securities. Jennings believed that Turner also "understood" this information.

5.

The SEC conveyed a summary of Turner's testimony to Jennings, and demanded that Jennings answer "yes or no" whether Turner had lied. Jennings had no personal knowledge of what Frigon actually did, no personal knowledge of Turner's state of mind when speaking with the SEC, and did not even know the specific questions posed to Turner or his specific responses. After the SEC repeatedly insisted on a yes or no answer, Jennings eventually said that Turner had lied.

6.

Using the SEC transcripts, Plaintiffs counsel repeated the exercise with Jennings during his deposition in this case. Likewise, they sought testimony from Turner that Jennings' understanding of the events was a lie. Although Turner refused to adopt that characterization, he agreed that Jennings' recollection had been "false."

7.

Testimony in which one witness opines upon the truthfulness of another's testimony is inadmissible under Federal Rules of Evidence 602, 701, 608, and 403.  It requires the witness to speculate as to something he or she cannot know (*i.e.*, the state of mind of another), is not permissible character evidence, does not make the disputed testimony any more or less likely true, is unfairly prejudicial, and risks misleading the jury.  Moreover, it impermissibly intrudes upon the province of the jury by purporting to tell the jury what to believe.

8.

The use of were-they-lying testimony has been widely rejected by the Fifth Circuit and its sister courts.  *See, e.g., United States v. Williams*, 343 F.3d 423, 437 (5th Cir. 2003); *United States v. Schmitz*, 634 F.3d 1247, 1268 (11th Cir. 2011); *United States v. Harris*, 471 F.3d 507, 511 (3d Cir. 2006); *United States v. Thomas*, 453 F.3d 838, 846 (7th Cir. 2006); *United States v. Sullivan*, 85 F.3d 743, 749-50 (1st Cir. 1996); *United States v. Richter*, 826 F.2d 206, 208 (2d Cir. 1987).  The law on this issue is clear.

9.

Excluding evidence of one witness' opinion as to the veracity of another witness' testimony does not prevent either party from vigorously examining any testimony believed to be false, misleading, or mistaken.  It merely ensures the jury reaches its own conclusions as to credibility based on admissible evidence.

10.

For the reasons stated above, and as more fully set forth in the accompanying memorandum, this Motion *in Limine* should be granted, and testimony or evidence as to one witness' opinion of the veracity of another witness' testimony should be excluded.

Respectfully submitted,

*/s/   Robert J. Dressel*
George C. Freeman, III, 14272
Jamie L. Berger, 32340
David N. Luder, 33595
Robert J. Dressel, 35757
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701

*Attorneys for Stifel, Nicolaus & Company, Inc., Stifel Financial Corp., Stone & Youngberg, LLC, and Anthony Guaimano*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2016, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

*/s/   Robert J. Dressel*

*{1187712_1}*