JOSEPH N. BROYLES, ET AL. vs. CANTOR FITZGERALD & CO., ET AL.
Confidential                    Jack Turner on 09/10/2015                        Page 1

```
 1                  UNITED STATES DISTRICT COURT

 2                  MIDDLE DISTRICT OF LOUISIANA

 3                          ---oOo---

 4     JOSEPH N. BROYLES, et al.,

 5                      Plaintiffs,
       vs.                              No. 3:10-857-JJB-SCR c/w
 6                                         3:10-854-JJB-SCR
       CANTOR FITZGERALD & CO,
 7     et al.,

 8                      Defendants.

 9     _____

10                        CONFIDENTIAL

11         VIDEOTAPED deposition of JACK TURNER, taken on

12     behalf of Plaintiff at 555 California Street, San

13     Francisco, California, beginning at 9:15 a.m., and

14     ending at 4:41 p.m. on Thursday, September 10, 2015,

15     before LYNNE LEDANOIS, CSR 6811.

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT E

Case 3:10-cv-00854-SDD-CBW   Document 588-6   05/13/16   Page 2 of 5

JOSEPH N. BROYLES, ET AL. vs. CANTOR FITZGERALD & CO., ET AL.
Confidential                Jack Turner on 09/10/2015                Page 210

```
 1   in preparation for the meeting with the SEC?
 2       A    No.
 3       Q    Did you have any discussions with Mr. Jennings
 4   about what interactions he had had with Commonwealth
 5   before you went into that meeting?
 6       A    No.
 7       Q    Did you have any discussions with Mr. Jennings
 8   or Mr. Hsu about questions the SEC was expected to ask?
 9       A    No.
10       Q    Did you have any discussions about things with
11   Mr. Hsu or Mr. Jennings about information that you
12   intended to provide to the SEC?
13       A    No.
14       Q    Did you tell Mr. Jennings that you intended to
15   inform the SEC that the Stone & Youngberg desk had
16   priced trading done on the request of Commonwealth?
17       A    Absolutely not.
18       Q    You're aware that Mr. Jennings contends that
19   you did?
20       A    I learned through counsel, yes.
21       Q    Have you reviewed Mr. Jennings' testimony?
22       A    No.
23       Q    Have you seen the video of Mr. Jennings'
24   testimony?
25       A    No.
```

Case 3:10-cv-00854-SDD-CBW   Document 588-6   05/13/16   Page 3 of 5

JOSEPH N. BROYLES, ET AL. vs. CANTOR FITZGERALD & CO., ET AL.
Confidential                Jack Turner on 09/10/2015                Page 211

```
 1      Q    You're aware that Mr. Jennings contended in his
 2   testimony that you had -- that you planned to provide
 3   the SEC with false information?
 4      A    That's not correct.
 5      Q    Mr. Jennings is lying when he says that?
 6           MR. FREEMAN:  Object to the form.
 7           THE WITNESS:  I would say I have a better
 8   memory than Mike Jennings.  David Hsu would say the same
 9   thing.  That was never discussed in any meeting with
10   David Hsu or anybody else.  That never came up.
11   BY MR. REASONOVER:
12      Q    You think that this is an issue of memory, of
13   recollection, that it's reasonable to believe that
14   somebody would forget a discussion about a plan to lie
15   to the SEC?
16           MR. FREEMAN:  Object to the form.
17           COUNSEL ON THE PHONE:  Objection as to form.
18           THE WITNESS:  I can't go into Mike Jennings'
19   head.
20   BY MR. REASONOVER:
21      Q    How long -- so in advance of going in for the
22   meeting with the SEC, did you meet with David Hsu?
23      A    The meeting with David Hsu and Mike Jennings?
24      Q    Yes.
25      A    Just for a few minutes.
```

```
 1            THE WITNESS:  Yes.  Yes, I think it's fair to
 2   say.
 3   BY MR. REASONOVER:
 4       Q    Lie by omission; right?
 5            Sitting here today, do you feel like
 6   Mr. Jennings has been dishonest with you?
 7            MR. FREEMAN:  Object to the form.
 8            COUNSEL ON THE PHONE:  Objection as to form.
 9   BY MR. REASONOVER:
10       Q    Let me restate the question.
11       A    No, you don't need to.
12       Q    Yeah, I do.
13       A    Okay.  Thank you.
14       Q    Are you aware of an instance where Mr. Jennings
15   has provided you false information?
16            MR. FREEMAN:  Object to the form.
17            THE WITNESS:  Based on what I know, yes.
18   BY MR. REASONOVER:
19       Q    In what instances has Mr. Jennings provided you
20   false information?
21       A    In my mind, when he indicated that I had a
22   conversation with him about taking responsibility for
23   the pricing that Doug Frigon was pricing.  That's the
24   main thing in my mind.
25       Q    Tell me about that.  When was that
```

Case 3:10-cv-00854-SDD-CBW   Document 588-6   05/13/16   Page 5 of 5

JOSEPH N. BROYLES, ET AL. vs. CANTOR FITZGERALD & CO., ET AL.
Confidential                Jack Turner on 09/10/2015                Page 217

```
 1   conversation?
 2       A    There was never a conversation.
 3       Q    So Mr. Jennings -- you're referring to
 4   Mr. Jennings' testimony, what Mr. Jennings said to the
 5   SEC?
 6       A    That is correct.
 7       Q    And the statements that you're identifying as
 8   being false or Mr. Jennings' statements to the SEC that
 9   you had taken responsibility for pricing Commonwealth --
10   the trades that Stone & Youngberg handled for
11   Commonwealth; correct?
12       A    That is correct.
13            MR. FREEMAN:  Object to the form.
14            THE WITNESS:  Yeah, that's correct.
15   BY MR. REASONOVER:
16       Q    Is that generally the -- generally the
17   substance of what -- of the false statements that
18   Mr. Jennings made about you?
19            MR. FREEMAN:  Object to the form.
20   BY MR. REASONOVER:
21       Q    Can you recall any actions by Mr. -- sitting
22   here today, are you aware of any actions by Mr. Jennings
23   that were dishonest?
24       A    No.  Away from that, no, not to my
25   recollection.
```