UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, ET AL.

VERSUS

CANTOR FITZGERALD & CO., ET AL.

CIVIL ACTION

NO. 10-854-JJB-CBW

Consolidated with:

JOSEPH N. BROYLES, ET AL.

VERSUS

CANTOR FITZGERALD & CO., ET AL.

CIVIL ACTION

NO. 10-857-JJB-CBW

**THIS APPLIES TO CIVIL ACTION NO. 3:10-857.**

**<u>RULING</u>**

This matter is before the Court on a Motion in Limine (Doc. 581) brought by the defendants, the S&Y Parties.[1] The plaintiffs, the CA Funds,[2] filed an opposition (Doc. 659). Oral argument is unnecessary. For the reasons stated herein, the defendants' Motion in Limine (Doc. 581) is **DENIED**.

The basic facts of this case have been outlined by this Court in several previous rulings, and will not be reiterated herein. *See, e.g.*, Doc. 274.

**I.   DISCUSSION**

The admission of expert testimony is governed by Federal Rule of Evidence 702 ("Rule 702" or "FRE 702") and the Supreme Court's decision in *Daubert v. Merrell Dow*

---

[1] The "S&Y Parties" refers to: Stifel Financial Corporation ("Stifel Financial"); Stifel, Nicolaus & Company, Inc. ("Stifel Nicolaus"); Stone & Youngberg, LLC ("S&Y"); and Anthony Guaimano. *Defs.' Supp. Mem.* 1, Doc. 581-1.
[2] The "CA Funds" refers to: CA High Yield Fund, LLC; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, LLC; CA Core Fixed Income Offshore Fund, Ltd.; CA Strategic Equity Fund, LLC; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, LLC; and San Spring Capital III Master Fund, LLC. *Id.* at 1 n.1.

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rule 702 establishes that expert testimony is admissible only if: (a) the expert's testimony will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. FED. R. EVID. 702. The proponent of expert testimony bears the burden of establishing the admissibility of the testimony. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). The "gatekeeping obligation" that a district court has under Rule 702 "applies to all expert testimony," not just scientific testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof at trial are the traditional and appropriate means of attacking shaky but otherwise admissible evidence. *Daubert*, 509 U.S. at 596.

In the present motion, the defendants request this Court to exclude testimony of two specific opinions offered by the plaintiffs' proposed expert, Theodore Urban ("Urban"): (1) the future value of S&Y; and (2) that regulatory investigations are predictors of civil litigation.

### A. S&Y's Future Value

First, the defendants seek to exclude Urban's opinion regarding S&Y's future value. Specifically, Urban testified during his deposition that S&Y may have increased in value in the future had it not been acquired by Stifel Financial. *See Urban Dep.* 138:10–17, Doc. 581-2 (stating that the acquisition of S&Y by Stifel Financial "den[ied] the opportunity for continued growth of Stone & Youngberg, which might have provided a greater ability to meet the not just pending claims in litigation but in other potential liabilities that Stone & Youngberg and Stifel knew, or should have known, of at the time of the acquisition"). According to the defendants, this opinion

is inadmissible for three reasons: (1) the opinion was not disclosed in any of Urban's reports; (2) Urban is not qualified to opine on the subject; and (3) Urban did not perform any analysis to support the opinion. *Defs.' Supp. Mem.* 7–12, Doc. 581-1.

In response, the plaintiffs concede that the statement at issue is "outside the scope of Mr. Urban's opinions and report," but point out that the statement was made in response to a question asked by the defendants' counsel during Urban's deposition. *Pls.' Opp'n* 3, Doc. 659. According to the plaintiffs, Urban "does not intend to offer opinions at trial regarding the hypothetical future value of S&Y." *Id.* at 2. Based on these representations, the motion in limine, as it pertains to this opinion, is **DENIED** as moot.

### B. Regulatory Investigations as Predictors of Civil Litigation

Second, the defendants seek to exclude Urban's opinion that regulatory investigations are predictors of civil litigation. A disputed issue in this case is whether Stifel Financial was aware, at the time it acquired S&Y in 2011, of S&Y's potential civil liability. *Pls.' Opp'n* 3, Doc. 659. For that reason, Stifel retained an expert who "opined that, while the S&Y Parties were aware of regulatory exposure arising out of the SEC investigation, they did not know that it could also lead to private civil litigation, such as this case." *Id.* at 4 (citing *Atkins Report* 20–21, Doc. 659-5). In response, Urban stated:

> Atkins's opinion is not reasonable or consistent with my experience in the industry. It has been my experience that the existence of a significant regulatory investigation involving transactions which caused or enabled significant customer losses is a reasonable predictor of potential regulatory and/or civil liability, and that by 2011, as set forth in my original report, the likelihood of the regulatory investigation spawning such civil litigation was becoming apparent.

*Urban Rebuttal Report* 11, Doc. 581-4. In Urban's deposition he further stated that, although he does not know the statistics, based on his experience in the industry "if there is a significant

regulatory inquiry involving significant . . . violations of regulatory requirements, statutes, laws, regulations, . . . particularly where it involves damage to customers, and loss of significant customer funds, then, . . . a relatively high percentage ends up in civil litigation." *Urban Dep.* 149–150, Doc. 659-4. According to the defendants, Urban's opinion is inadmissible because he did not conduct an analysis to support the opinion, but merely relied on his experience. *Defs.' Supp. Mem.* 13–15, Doc. 581-1. In response, the plaintiffs argue that experts can be qualified and state opinions based solely on their experience in the field. *Pls.' Opp'n* 4–5, Doc. 659.

Despite the requirements set forth in *Daubert*, a proffered expert's experience may be used to determine whether they are qualified as an expert under FRE 702. *See Ayers Oil Co. v. Am. Bus. Brokers, Inc.*, No. 2:09 CV 02 DDN, 2010 WL 2990113, *4–5 (E.D. Mo. July 27, 2010) (holding that an expert was qualified based on his 25 years of experience in the field, even though there was "no indication that his opinions [were] based on any objective testing or that they [had] been peer reviewed"). When FRE 702 was amended to incorporate the requirements of *Daubert*, the advisory committee stated:

> Nothing in this amendment is intended to suggest that *experience alone*—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that *an expert may be qualified on the basis of experience*. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.
>
> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.

FED. R. EVID. 702 advisory committee's notes to 2000 amendment (emphasis added) (citations omitted). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the

jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (citation omitted).

Here, Urban based his opinion on his years of experience in the field of securities regulation. From 1984 until March of 2007, Urban was General Counsel of Ferris, Baker Watts, Inc. ("FBW"), a regional broker-dealer and registered investment advisor. *Urban Decl.* ¶ 4, Doc. 659-1. As General Counsel, among other things, Urban managed the legal and compliance departments; served on the Board of Directors; served on several securities industry committees; and managed FBW's cooperation with and responses to all regulatory investigations and litigation matters to which FBW was subject. *Id.* at ¶ 4–5. As more thoroughly set forth in his declaration, Urban also had years of experience in securities regulation prior to his time at FBW. *See id.* at ¶ 2–3. Furthermore, Urban discusses the basis of his opinion in regards to his experience in the industry. *See Urban Dep.* 148–151. Doc. 659-4.

Based on this experience, the Court finds that Urban's opinion in sufficiently reliable; any concerns regarding the basis for this opinion should be inquired into through "vigorous cross-examination." *See Daubert*, 509 U.S. at 596. The defendants' motion in limine is therefore **DENIED**.

II. **CONCLUSION**

For the reasons stated above, the defendants' Motion in Limine (Doc. 581) is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 7, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

5