UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, ET AL.

VERSUS

CANTOR FITZGERALD & CO., ET AL.

CIVIL ACTION

NO. 10-854-JJB-CBW

Consolidated with:

JOSEPH N. BROYLES, ET AL.

VERSUS

CANTOR FITZGERALD & CO., ET AL.

CIVIL ACTION

NO. 10-857-JJB-CBW

**THIS APPLIES TO CIVIL ACTION NO. 3:10-857.**

**<u>RULING</u>**

This matter is before the Court on a Motion to Dismiss (Doc. 540) brought by the defendants, Commonwealth Advisors, Inc. and Walter Morales (collectively, "Commonwealth defendants"). The plaintiffs, CA Funds,[1] filed an opposition (Doc. 632). Additionally, a Motion to Release Funds (Doc. 358), brought by defendant Walter Morales ("Morales") is currently pending before this Court. The plaintiffs filed an objection to the motion (Doc. 371) and Morales filed a reply brief (Doc. 391).[2] Oral argument is unnecessary. For the reasons stated herein, the Commonwealth defendants' Motion to Dismiss (Doc. 540) is **DENIED in part**[3] and Morales' Motion to Release Funds (Doc. 358) is **DENIED**.

---

[1] The "CA Funds" refers to: CA High Yield Fund, LLC; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, LLC; CA Core Fixed Income Offshore Fund, Ltd.; CA Strategic Equity Fund, LLC; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, LLC; and San Spring Capital III Master Fund, LLC. *Pls.' Opp'n* 1 n.1, Doc. 632.

[2] The Securities and Exchange Commission ("SEC") intervened, for the limited purpose of filing an opposition (Doc. 382) to Morales' Motion to Release Funds.

[3] This ruling only pertains to the Commonwealth defendants' "Motion to Dismiss Count Seven for Lack of Jurisdiction and for *Res judicata.*" *See Defs.' Supp. Mem.* 5–14, Doc. 540-1 (Part I). The remaining arguments are still pending and will be resolved at a later time: "Rule 12(b)(6) and Rule 9(b) Motion to Dismiss the CA Funds' Louisiana Blue Sky Law Claims Arising out of the Initial Collybus Offering, Arising out of the CA Funds' Purchase of the Collybus

1

I.  **BACKGROUND**

The basic facts of this case have been outlined by this Court in several previous rulings, and will not be reiterated herein. *See, e.g.*, Doc. 274.

According to the Fourth Amended Complaint, the Bankruptcy Court's *Final Decree and Order* "authorized the Reorganized CA Funds to withhold distributions to the Commonwealth Insider Defendants 'until . . . the conclusion of the litigation currently pending in the United States District Court for the Middle District of Louisiana . . . .'" *Fourth Am. Compl.* ¶ 535, Doc. 509. In Count Seven, the plaintiffs discuss Morales' Motion to Release Funds (Doc. 358), which "request[s] this Court to issue an Order directing Plaintiffs to release all fund assets currently being withheld by the CA Funds . . . ." *Id.* ¶ 531. Morales' motion alleges that "withholding of such distributions is an unlawful pre-judgment attachment . . . ." *Id.*

Count Seven appears to be the plaintiffs' response to Morales' Motion to Release Funds. This count requests equitable subordination—"[T]he investments in the Reorganized CA Funds by the Morales accounts should be subordinated to those of other investors" due to Morales' inequitable conduct. *Id.* ¶¶ 539–42. Count Seven also requests declaratory relief that the plaintiffs are entitled to withhold these distributions as per the Bankruptcy Court's *Final Decree and Order* and that the plaintiffs are entitled to offset their claims against Morales. *Id.* ¶ 545.

II.  **DISCUSSION**

The Commonwealth defendants argue that this Court lacks jurisdiction over Count Seven of the plaintiffs' Fourth Amended Complaint. *Defs.' Supp. Mem.* 5–14, Doc. 540-1. Specifically, the defendants set forth various arguments for dismissing this count: (1) The Court does not have

---

A-2 Securities from Cantor Fitzgerald and Arising out of the CA Funds' Purchase of Securities from Stone & Youngberg." *See id.* at 15–18 (Part II).

2

core jurisdiction;[4] (2) The plaintiffs lack standing under the Confirmed Plan of Reorganization;[5] and (3) The count is barred by *res judicata*.[6] The defendants also argue that the Motion to Release Funds is ripe and should be granted despite the plaintiffs' requests for relief in Count Seven.[7]

Although jurisdictional defects cannot be waived and motions to dismiss for lack of subject matter jurisdiction can be brought at any time, it does not relieve the parties of their obligation to draft their briefs in a clear, concise, and coherent manner. Nor does it relieve the parties of their obligation to fully explain to the court all facts and procedural history relevant to resolution of the motion. Even though the parties attached the relevant documents to their motions, they failed to explain the relevance of these documents to the pending case. For example: Did the plan retain jurisdiction? Did the plan create a litigation trust of some kind? How will resolution of this case effect the bankruptcy estate or the reorganization plan? It is not the job of this Court to decipher the parties' intent when attaching documents to a motion without an adequate explanation as to the relevance of those documents and proper citations to specific portions of such documents. Given the lack of clarity of both parties' briefs, the failure to explain the relevant facts, and the procedural posture of this case, the Commonwealth defendants' Motion to Dismiss is **DENIED** as it pertains to the defendants' arguments regarding jurisdiction and *res judicata*.

In regards to the Motion to Release Funds, the Court declines to intervene on an issue which was decided by the Bankruptcy Court. If the defendants believe the bankruptcy judge acted impermissibly by authorizing the CA Funds to withhold their distributions under the confirmation plan, then the defendants should seek relief through the proper procedural channels to appeal that decision. Therefore, the Motion to Release Funds is **DENIED**.

---

[4] *Id.* 5–9.
[5] *Id.* at 9–13.
[6] *Id.* at 13–14.
[7] *Id.* at 14.

**III.    CONCLUSION**

For the reasons stated above, the Commonwealth defendants' Motion to Dismiss (Doc. 540) is **DENIED in part** and Morales' Motion to Release Funds (Doc. 538) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 28, 2016.

                             _____
                             **JUDGE JAMES J. BRADY**
                             **UNITED STATES DISTRICT COURT**
                             **MIDDLE DISTRICT OF LOUISIANA**