UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH N. BROYLES, ET AL. | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 10-854-JJB-CBW |
| CANTOR FITZGERALD & CO, ET AL. | |
| Consolidated with: | |
| JOSEPH N. BROYLES, ET AL. | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 10-857-JJB-CBW |
| CANTOR FITZGERALD & CO, ET AL. | |

**THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00857**

**<u>RULING</u>**

This matter is before the Court on several Motions to Dismiss. The first is a Motion to Dismiss (Doc. 540) brought by the defendants, Commonwealth Advisors, Inc. and Walter Morales (collectively, the "Commonwealth defendants"). The plaintiffs, the CA Funds,[1] filed an opposition (Doc. 632). The second is a Motion to Dismiss (Doc. 552) brought by defendant, Michael Jennings ("Jennings").[2] The plaintiffs filed an opposition (Doc. 647). The third is a Motion to Dismiss (Doc. 553) brought by defendants, the S&Y Parties.[3] The plaintiffs filed an opposition (Doc. 626), and the defendants filed a reply brief (Doc. 681). For the reasons stated herein, the Commonwealth

---

[1] The "CA Funds" includes: CA High Yield Fund, L.L.C.; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, L.L.C.; CA Core Fixed Income Offshore Fund, Ltd.; CA Strategic Equity Fund, L.L.C.; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, L.L.C.; and Sand Spring Capital III Master Fund, L.L.C. *Pls.' Opp'n to Commonwealth Defs.' Mot. to Dismiss* 1 n.1, Doc. 632.

[2] Jennings' motion incorporates by reference the Motion to Dismiss brought by the S&Y Parties (Doc. 553). *See Jennings' Supp. Mem.* 1, Doc. 552-1. Although Jennings' motion initially brought another basis for dismissal of the Fourth Amended Complaint, the parties agreed to limit Jennings' motion to seek dismissal only of the claims alleging violations of the Louisiana Securities Law and the Delaware Securities Act arising out of the initial Collybus offering. *Jt. Mot. to Clarify & Limit Mot. to Dismiss*, Doc. 643.

[3] The "S&Y Parties" includes: Stone & Youngberg, L.L.C.; Stifel Financial Corporation; Stifel, Nicolaus & Company, Inc.; and Anthony Guaimano. *S&Y Parties' Supp. Mem.* 1, Doc. 553-1.

1

defendants' Motion to Dismiss (Doc. 540) is **DENIED in part**,[4] and the Motions to Dismiss brought by Jennings (Doc. 552) and the S&Y Parties (Doc. 553) are **DENIED**.

The basic facts of this case have been outlined by this Court in several previous rulings, and will not be reiterated herein. *See, e.g.*, Doc. 274.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomms.*, Civil Action No. 11-722-FJP-SCR, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When conducting a Rule 12(b)(6) analysis, the court "must limit [its] inquiry to the facts stated in the complaint and the documents attached to or incorporated in the complaint." *Murray v. Royal All. Assocs.*, Civil Action No. 06-617-JJB, 2007 WL 2682849, at *1 (M.D. La. July 10, 2007) (citation omitted).

## II. DISCUSSION

### A. Commonwealth Defendants' Motion (Doc. 540)

The Commonwealth defendants' motion seeks dismissal of the claims asserted against them in the Fourth Amended Complaint for violations of the Louisiana Securities Law relating to

---

[4] This ruling only addresses the Commonwealth defendants' "Rule 12(b)(6) and Rule 9(b) Motion to Dismiss the CA Funds' Louisiana Blue Sky Law Claims Arising out of the Initial Collybus Offering, Arising out of the CA Funds' Purchase of the Collybus A-2 Securities from Cantor Fitzgerald and Arising out of the CA Funds' Purchase of Securities from Stone & Youngberg." *See Commonwealth Defs.' Supp Mem.* 15–18, Doc. 540-1 (Part II). The Commonwealth defendants' "Motion to Dismiss Count Seven for Lack of Jurisdiction and for *Res judicata*" was **DENIED** in a previous ruling. *Ruling*, Doc. 729.

the following transactions: (1) the purchase by the CA Funds of Collybus securities in the initial Collybus offering on November 9, 2007; (2) the purchase by the CA Funds of the A-2 Collybus bonds in June of 2008 from Cantor Fitzgerald; and (3) the purchase by the CA Funds of securities from Stone & Youngberg. *Commonwealth Defs.' Supp. Mem.* 15, Doc. 540-1. According to the Commonwealth defendants, the plaintiffs failed to state a claim against them for primary liability under La. R.S. 51:714(A) because neither defendant was a statutory seller in these transactions.[5] *Id.* The plaintiffs contend, however, that the Fourth Amended Complaint sufficiently states a claim against the Commonwealth defendants as statutory sellers that solicited the transactions at issue. *Pls.' Opp'n to Commonwealth Defs.' Mot. to Dismiss* 7–9, Doc. 632.

For the reasons stated in the plaintiffs' opposition (Doc. 632), the facts alleged in the Fourth Amended Complaint are sufficient to plausibly infer that the Commonwealth defendants are statutory sellers under La. R.S. 51:714(A). Specifically, the Court agrees that a statutory seller is not limited to someone who transfers title of the securities, but also includes someone who solicits the securities transactions. *Id.* at 7; *see Pinter v. Dahl*, 486 U.S. 622, 623 (1988).[6] A solicitor-seller is someone who "solicit[s] the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner . . . ." *Pinter*, 486 U.S. at 623. Here, the plaintiffs alleged that the Commonwealth defendants solicited the transactions at issue while being motivated by a financial interest. These facts, taken as true, would render the Commonwealth

---

[5] The Commonwealth defendants also seek dismissal of any claim for secondary liability asserted against them based on the same transactions. *Commonwealth Defs.' Supp. Mem.* 15–16, Doc. 540-1. Because the Court finds that the plaintiffs sufficiently stated a claim for primary liability against the Commonwealth defendants, it will not address this alternative argument.

[6] "Because there is a dearth of law interpreting the definition of seller under the state statute, we look to federal law interpreting the Louisiana law's model, Section 12(2) of the Securities Act of 1933." *Heck v. Triche*, 775 F.3d 265, 282 (5th Cir. 2014). Although *Pinter v. Dahl*, 486 U.S. 622 (1988), addressed the application of Section 12(1), the court's reasoning was later extended to Section 12(2). *See Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1101 (5th Cir. 1990).

3

defendants statutory sellers, and therefore the plaintiffs have stated a claim and the Commonwealth defendants' motion is **DENIED**.

   **B.**  **S&Y Parties' Motion (Doc. 553)**[7]

The S&Y Parties' motion seeks dismissal of claims asserted against them in the Fourth Amended Complaint for violations of the Louisiana Securities Law and Delaware Securities Act[8] relating to the initial Collybus offering. *S&Y Parties' Supp. Mem.* 1, Doc. 553-1. According to the S&Y Parties, the plaintiffs failed to state a claim against them for secondary liability under La. R.S. 51:714(B) because they did not materially participate in the sale.[9] *Id.* at 10–11. Specifically, the S&Y Parties argue that the plaintiffs did not allege a "substantial causal connection between the culpable conduct of [the S&Y Parties] and the harm to the plaintiff,"[10] nor did they allege any direct contact[11] between the S&Y Parties and the plaintiffs with regard to the initial Collybus offering. *Id.* The plaintiffs argue, however, that the Fourth Amended Complaint sufficiently states a claim against the S&Y Parties as material participants because the S&Y Parties had "extensive and vital involvement" in the relevant transaction. *Pls.' Opp'n to S&Y Parties' Mot. to Dismiss* 8–9, Doc. 626 (internal quotation omitted).

For the reasons stated in the plaintiffs' opposition (Doc. 626), the facts alleged in the Fourth Amended Complaint are sufficient to plausibly infer that the S&Y Parties materially participated

---

[7] The Court's analysis of the S&Y Parties' motion (Doc. 553) applies equally to Jennings' motion. *See Jennings' Supp. Mem.*, Doc. 552 (incorporating by reference Doc. 553 without providing any separate arguments); *Pls.' Opp'n to Jennings' Mot. to Dismiss* 2, Doc. 647 (incorporating by reference its opposition to the S&Y Parties' motion).
[8] The Court has previously ruled that Louisiana law applies to the plaintiffs' Blue Sky Law claims because "there is no actual conflict between Delaware and Louisiana securities law[.]" *Broyles v. Cantor Fitzgerald & Co.*, No. CIV.A. 10-854-JJB, 2014 WL 6886158, at *7 (M.D. La. Dec. 8, 2014). Accordingly, this ruling only addresses the plaintiffs' claims under Louisiana law, with the understanding that the two statutes are coextensive.
[9] The S&Y Parties also seek dismissal of any claim for primary liability asserted against them with regard to the initial Collybus offering. *S&Y Parties' Supp. Mem.* 6–10, Doc. 553-1. The plaintiffs concede, however, that they are not asserting a claim against the S&Y Parties for primary liability for this transaction. *Pls.' Opp'n to S&Y Parties' Mot. to Dismiss* 6 & 6 n.20, Doc. 626. Accordingly, the Court will not address this argument.
[10] *S&Y Parties' Supp. Mem.* 10, Doc. 553-1 (quoting *Foley v. Allard*, 427 N.W.2d 647, 651 (Minn. 1988)).
[11] *Id.* (citing *Benton v. Merrill Lynch*, No. 3:06-00105, 2007 WL 735696, at *4 (E.D. Ark. Mar. 7, 2007)).

in the securities sale under La. R.S. 51:714(B). The Court has reviewed the cases cited by both parties and finds the plaintiffs' cited cases more persuasive. The Court disagrees with the S&Y Parties' interpretation of "material participation" to require a direct contact between the alleged participator and the plaintiff. *See S&Y Parties' Supp. Mem.* 10, Doc. 553-1 (citing *Benton v. Merrill Lynch*, No. 3:06-00105, 2007 WL 735696, at *4 (E.D. Ark. Mar. 7, 2007)). Such an interpretation would narrow the scope of secondary liability beyond what is contemplated under La. R.S. 51:714(B).

Here, the plaintiffs allege that the S&Y Parties were substantially involved with the plaintiffs prior to the initial Collybus sale in a manner that effected the information provided to the investors. If taken as true, these facts would render the S&Y Parties material participants under either of the remaining standards articulated by the parties—substantial causal connection or importance of the involvement. Therefore, the plaintiffs have stated a claim and the S&Y Parties' motion is **DENIED**.

### III. CONCLUSION

For the reasons stated above, the Commonwealth defendants' Motion to Dismiss (Doc. 540) is **DENIED in part**, and the Motions to Dismiss brought by Jennings (Doc. 552) and the S&Y Parties (Doc. 553) are **DENIED**.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

_____  
**JUDGE JAMES J. BRADY**  
**UNITED STATES DISTRICT COURT**  
**MIDDLE DISTRICT OF LOUISIANA**