UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, *ET AL.*

v.

CANTOR FITZGERALD & CO., *ET AL.*

CIV. ACTION NO.: 3:10-857-JJB-CBW c/w
CIV. ACTION NO.: 3:10-854-JJB-CBW

THIS DOCUMENT APPLIES TO CIVIL ACTION NO. 3:10-857

## RULING

This matter is before the Court on a Motion to Strike Jury Demand (Doc. 556) brought by the defendants, Stifel, Nicolaus & Company, Inc. and Stifel Financial Corporation. The plaintiffs, the CA Funds,[1] filed an opposition (Doc. 634) and the defendants filed a reply brief (Doc. 695). Oral argument is unnecessary. For the reasons stated herein, the defendants' Motion to Strike Jury Demand (Doc. 556) is **DENIED**.

The basic facts of this case have been outlined by this Court in several previous rulings, and will not be reiterated herein. *See, e.g.*, Doc. 274. Relevant to this motion is Count Five of the plaintiffs' Fourth Amended Complaint, which alleges the following theories of liability: assumption of liability, de facto merger, mere continuation, veil-piercing, alter ego, and single business enterprise. *Fourth Am. Compl.* 169–78, Doc. 509. The plaintiffs seek monetary damages for all counts of their complaint. *Id.* at 186–88. The plaintiffs have also demanded a jury trial on all claims. *Id.* at 1.

---

[1] The "CA Funds" includes: CA High Yield Fund, L.L.C.; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, L.L.C.; CA Core Fixed Income Offshore Fund, Ltd.; CA Strategic Equity Fund, L.L.C.; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, L.L.C.; and Sand Spring Capital III Master Fund, L.L.C. *Pls.' Opp'n* 1 n.1, Doc. 634.

The defendants filed the present motion seeking to strike the jury demand as to Count Five, arguing that the Seventh Amendment right to a jury trial does not apply to these claims. *See Defs.' Supp. Mem.*, Doc. 556-1.

## I.   DISCUSSION

The Seventh Amendment, which applies to federal courts sitting in diversity,[2] provides a constitutional right to a jury trial "[i]n Suits at common law."[3] "Suits at common law" are defined as "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where *equitable* rights alone were regarded, and equitable remedies were administered[.]" *Parsons v. Bedford*, 28 U.S. 433, 477 (1830) (second emphasis added). To determine whether a party has a Seventh Amendment right to a jury trial, the court conducts a two-part test that "examine[s] the nature of both the action and the remedy sought." *Wilson v. Belmont Homes, Inc.*, 970 F.2d 53, 55 (5th Cir. 1992) (citing *Tull v. United States*, 481 U.S. 412 (1987)); *see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). First, the nature of the action is determined by comparing it to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera*, 492 U.S. at 42 (quoting *Tull*, 481 U.S. at 417–18). Second, the court looks to the remedy sought to determine whether it is legal or equitable in nature. *Id.* "The second stage of this analysis is more important than the first." *Id.*

In the instant motion, the Court is asked to decide whether there is a right to a jury trial on the plaintiffs' successor liability and piercing the corporate veil claims. The courts that have considered this question have reached different results,[4] and the Fifth Circuit has not weighed in

---

[2] *Cimino v. Raymark Indust., Inc.*, 151 F.3d 294, 311 (5th Cir. 1998).

[3] U.S. Const. amend. VII.

[4] *See FMC Fin. Corp. v. Murphree*, 632 F.2d 413, 421 n.5 (5th Cir. 1980) ("This Court holds that the issue of corporate disregard is one for the jury."); *United States v. Vacante*, No. 1:08cv1349 OWW DLB, 2010 WL 2219405, at *5 (E.D. Cal. June 2, 2010) (denying a motion to strike a jury demand on successor liability and piercing the corporate veil claims because the nature of the remedy sought is legal); *In re Bonds Distrib. Co.*, No. 97-52130C-7W, 98-6044,

2

on the question post-*Granfinanciera*. The Court, therefore, will conduct an independent analysis under *Granfinanciera's* two-part inquiry.

Here, the nature of the action is inconclusive. The historic origins of the piercing the corporate veil doctrine were "applied in courts both of law and equity." *Wm. Passalacqua Builders v. Resnick Developers*, 933 F.2d 131, 135 (2d Cir. 1991); *see Int'l Fin. Servs. Corp. v. Chromas Tech. Canada, Inc.*, 356 F.3d 731, 736 (7th Cir. 2004).

As for the second inquiry, the remedy sought by the plaintiffs appears to be legal in nature. General distinctions between legal and equitable remedies are instructive to this inquiry. Specifically, "[l]egal remedies traditionally involve money damages. Equitable remedies, by contrast, are typically coercive, and are enforceable directly on the person or thing to which they are directed." *Int'l Fin. Servs. Corp.*, 356 F.3d at 736 (citations omitted). In this case, the plaintiffs seek monetary damages—a legal remedy—for all claims, including those contained in Count Five of the Fourth Amended Complaint.

In light of the "federal policy favoring jury trials" which "support[s] . . . finding the right to a jury trial in questionable or doubtful cases," the Court **DENIES** the defendants' motion. *See United States v. Vacante*, No. No. 1:08cv1349 OWW DLB, 2010 WL 2219405, at *4 (E.D. Cal. June 2, 2010) (citing *Prudential Oil Corp. v. Phillips Petrol. Co.*, 392 F. Supp. 1018, 1022

---

2000 WL 33682815, at *8 (Bankr. M.D.N.C. Nov. 15, 2000) ("The weight of authority appears to recognize a right to jury trial with respect to claims seeking to pierce the corporate veil based upon the theories of alter ego or mere instrumentality."); *Am. Mgmt. Corp. v. Dunlap*, 784 F. Supp. 1245, 1249 & n.6 (N.D. Miss. 1992) (holding that whether the defendant is personally liable via corporate disregard is a question for the jury). *But see Int'l Fin. Servs. Corp. v. Chromas Tech. Canada, Inc.*, 356 F.3d 731, 736 (7th Cir. 2004) (holding that under Illinois law, piercing the corporate veil is equitable and therefore there is no right to a jury trial); *Ed Peters Jewelry Co. v. C&J Jewelry Co.*, 215 F.3d 182, 185–86 (1st Cir. 2000) (holding no right to a jury trial on successor liability claims); *In re iPCS, Inc.*, 303 B.R. 527, 531 (Bankr. N.D. Ga. 2003) (holding no right to a jury trial because the nature of the claim is both legal and equitable and the remedy sought is entirely equitable); *United States v. Golden Acres, Inc.*, 684 F. Supp. 96, 103 (D. Del. 1988) (granting a motion to strike jury demand on piercing and alter ego claims because they sound in equity).

(S.D.N.Y. 1975)). Moreover, the case law is clear that the district court does not err by submitting questions of piercing the corporate veil and successor liability to the jury.[5]

## II.   CONCLUSION

For the reasons stated above, the defendants' Motion to Strike Jury Demand (Doc. 556) is

**DENIED**.

Signed in Baton Rouge, Louisiana, on July 25, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] *See, e.g.*, *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 59 (2d Cir. 1988) (stating that the law does not require piercing question to be answered by the court, and holding that the district court did not err to submit the question to the jury); *Gen. Motors Acceptance Corp. v. Bates*, 954 F.2d 1081, 1085 (5th Cir. 1992) (holding that the district court did not err in submitting a piercing issue to the jury rather than issuing a directed verdict); *Cantiere DiPortovenere Piesse S.p.A. v. Kerwin*, 739 F. Supp. 231, 236 (E.D. Pa. 1990) (stating that piercing questions are factual issues that are generally submitted to the jury).