UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, *ET AL.*

v.

CANTOR FITZGERALD & CO., *ET AL.*

CIV. ACTION NO.: 3:10-857-JJB-CBW c/w

CIV. ACTION NO.: 3:10-854-JJB-CBW

THIS DOCUMENT APPLIES TO CIVIL ACTION NO. 3:10-857.

**RULING**

This matter is before the Court on two Motions in Limine. The first is a Motion to Strike Untimely Supplemental Expert Reports (Doc. 600) brought by the plaintiffs, the CA Funds.[1] The S&Y defendants,[2] filed an opposition (Doc. 670). The second is a Motion to Strike the Untimely Expert Report of Dr. Joseph Mason (Doc. 595), to which the Commonwealth defendants[3] filed an opposition (Doc. 629). Oral argument is unnecessary. For the reasons stated herein, the plaintiffs' Motion in Limine (Doc. 600) is **GRANTED** and the plaintiffs' Motion in Limine (Doc. 595) is **DENIED**.

## I. BACKGROUND

The basic facts of this case have been outlined by this Court in several previous rulings, and will not be reiterated herein. *See, e.g.*, Doc. 274.

Pursuant to the Court's Scheduling Order (Doc. 322), the plaintiffs were required to submit their expert reports by February 12, 2016, and the defendants were required to submit their expert

[1] The "CA Funds" includes: CA High Yield Fund, L.L.C.; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, L.L.C.; CA Core Fixed Income Offshore, Ltd.; CA Strategic Equity Fund, L.L.C.; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, L.L.C.; and Sand Spring Capital III Master Fund, L.L.C. *Pls.' Supp. Mem.* 1 n.1, Doc. 600-1.

[2] The "S&Y defendants" includes: Stone & Youngberg, L.L.C.; Stifel Financial Corporation; Stifel Nicolaus & Co., Inc.; and Anthony Guaimano. *S&Y Defs.' Opp'n* 1 n.1, Doc. 670.

[3] The "Commonwealth defendants" includes: Commonwealth Advisors, Inc. and Walter Morales. *Commonwealth Defs.' Opp'n* 1, Doc. 629.

reports by March 11, 2016. The Court also set forth the following deadlines: "Expert discovery, including depositions of expert witnesses, shall be completed by April 29, 2016, and motions *in limine* and *Daubert* motions shall be filed by May 13, 2016." *Order*, Doc. 458 (extending the deadline for expert discovery and motions *in limine* set forth in the original Scheduling Order (Doc. 322)).

Based on the information provided to the Court, both parties submitted several timely expert reports. *Pls.' Supp. Mem.* 1, Doc. 600-1 (stating that the S&Y defendants timely submitted five expert reports of March 11, 2016); *S&Y Defs.' Opp'n* 1, Doc. 670 (stating that the initial report deadlines were met). However, both parties also submitted expert reports after their respective deadlines of February 12 (plaintiffs) and March 11 (defendants). For example, the plaintiffs submitted three "rebuttal" expert reports in April of 2016. *See S&Y Defs.' Opp'n* 2, Doc. 670 (discussing Urban's rebuttal report (April 1, 2016), Monteleone's rebuttal report (April 11, 2016), and Witham's rebuttal report (April 11, 2016)). Likewise, the S&Y defendants filed three "supplemental" expert reports in May of 2016. *See Pls.' Supp. Mem.* 1, Doc. 600-1 (citing *Laursen Reply Expert R.*, Doc. 600-2 (May 11, 2016); *Hilton Suppl. Expert R.*, Doc. 600-3 (May 11, 2016); *Favret Rebuttal Expert R.*, Doc. 600-4 (May 2, 2016)). Additionally, on May 11, 2016, the Commonwealth defendants produced a report from Dr. Joseph Mason ("Dr. Mason"), a witness who had not previously been identified as a potential expert witness in this case. *Pls.' Supp. Mem.* 1–2, Doc. 595-1.

The plaintiffs contend that: (1) the S&Y and Commonwealth defendants violated the Scheduling Order and, thus, Federal Rule of Civil Procedure ("Rule") 26(a)(2), by producing expert reports in May of 2016; and (2) as a result, the Court should strike these reports in their

entirety, pursuant to Rule 37(c). *Pls.' Supp. Mem.* 2–4, 8–10, Doc. 600-1; *Pls.' Supp. Mem.* 2–4, Doc. 595-1.

## II. S&Y DEFENDANTS' EXPERT REPORTS (DOC. 600)

### A. Timeliness

The plaintiffs argue that the S&Y defendants' untimely reports do not fall under the S&Y defendants' duty to supplement disclosures under Rule 26(e) because that rule has been narrowly interpreted to only allow supplemental reports for the purpose of "correcting inaccuracies or adding information that was not available at the time of the initial report." *Id.* at 2 (quoting *Mineba Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)). According to the plaintiffs, the S&Y defendants' supplemental reports instead contain entirely new expert opinions. *Id.* at 3. The S&Y defendants contend, however, that they were required to supplement their expert reports under Rule 26(e)(1)(A) based on the information provided in the plaintiffs' rebuttal reports and subsequent depositions of those experts. *S&Y Defs.' Opp'n* 2, Doc. 670. Moreover, the S&Y defendants argue that the plaintiffs' rebuttal reports were untimely and "never should have been submitted."[4] *Id.*

According to Rule 26(a)(2)(D), a party must disclose expert testimony "at the times and in the sequence that the court orders." In a prior unrelated case, this Court held that a Scheduling Order that used identical language to the Scheduling Order in this case (Doc. 322), did not permit production of rebuttal or supplemental reports after the deadline set for expert reports. *Terrebone Par. NAACP v. Jindal*, No. 14-069, 2015 WL 5943400, at *2 (M.D. La. Oct. 13, 2015) ("[T]he Scheduling Order would have specifically provided a deadline for disclosure of supplemental reports had the Court intended for those to be filed after [the deadline for expert reports].")).

[4] According to the S&Y defendants, they informed the plaintiffs that the Scheduling Order did not permit production of rebuttal or supplemental expert reports and, at that time, reserved their right to produce a supplemental report if the plaintiffs did so. *S&Y Defs.' Opp'n* 1, Doc. 670 (citing emails between counsel (Docs. 670-1 & 670-2)).

Here, the Court's Scheduling Order unambiguously stated that the plaintiffs' expert reports were due by February 12, 2016, and that the defendants' expert reports were due by March 11, 2016. *Scheduling Order*, Doc. 322. Accordingly, the rebuttal and supplemental reports provided after those dates, in April and May of 2016 respectively, were not provided at the time and in the sequence the Court ordered. *See Terrebone Par. NAACP v. Jindal*, No. 14-069, 2015 WL 5943400, at *2 (M.D. La. Oct. 13, 2015). Therefore, each party violated the terms of the Court's Scheduling Order by filing expert reports approximately two months after their respective deadlines.

**B.     Exclusion of Evidence**

Pursuant to Rule 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was "substantially justified" or is "harmless." Four factors are relevant to this determination: (1) the explanation for the failure to comply with the discovery order; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007); *Sierra Club, Lone State Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996).

After reviewing the parties' briefs, the Court finds that the failure to disclose was not substantially justified or harmless. The parties' explanations for their failure to comply with the discovery order are unpersuasive. Likewise, the explanation for the importance of the testimony being offered is inadequate. Additionally, considering the current stage of this litigation, the potential prejudice in allowing the testimony at this late stage, and the highly contentious nature of discovery in this case, the untimely reports should be stricken.

## III. COMMONWEALTH DEFENDANTS' EXPERT REPORT (DOC. 595)

### A. Timeliness

The plaintiffs argue that the Commonwealth defendants' untimely expert report has prejudiced them because they were not provided with a meaningful opportunity to examine the report and depose Dr. Mason. *Pls.' Supp. Mem.* 2, Doc. 595-1. The Commonwealth defendants' argue, however, that Dr. Mason will not testify at trial and therefore they were under no duty to disclose his expert report under Rule 26(a)(2)(A) or (B).[5] *Commonwealth Defs.' Opp'n* 2–4, Doc. 629.

Although Rule 26(a)(2) requires a party to disclose expert testimony, subpart (A) makes clear that this requirement only applies to "any witness [the party] may *use a trial* to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). Here, the Commonwealth defendants have represented to this Court that Dr. Mason only intends on testifying at the Commonwealth defendants' *Daubert* hearing to exclude the plaintiffs' expert Dr. Youngblood[6]—"Dr. Mason will not testify at trial." *Commonwealth Defs.' Opp'n* 2, Doc. 629 (citing *Email from Fredrick R. Tulley, to Kirk Reasonover* (May 12, 2016), Doc. 629-1). Because Dr. Mason will not be "use[d] at trial," disclosure of his report is not governed by Rule 26(a)(2). Therefore, Dr. Mason's testimony is permitted under Rule 26 for the limited purpose described by the Commonwealth defendants.

---

[5] The Commonwealth defendants also argue that Dr. Mason's report was timely because it was disclosed within the 30 day window contemplated by Rule 26(a)(2)(D)(ii) for rebuttal reports. *Commonweatlh Defs.' Opp'n* 2–4, Doc. 629. Reliance on subsection (D)(ii), however, is misplaced. Under Rule 26(a)(2)(D), the Court's scheduling order governs—the 30 day time period only applies "[a]bsent a stipulation or a court order[.]" Rule 26(a)(2)(D).

[6] According to the Commonwealth defendants, Dr. Mason's report only became relevant after the plaintiffs' expert Witham presented information in a deposition and rebuttal report, which demonstrated that his previous report and the report of plaintiffs' expert Dr. Youngblood were misleading. *Commonwealth Defs.' Opp'n* 2–3, Doc. 629. As the Court previously noted, Witham's rebuttal report was untimely and is henceforth stricken.

## IV. CONCLUSION

For the reasons stated above, the plaintiffs' Motion in Limine (Doc. 600) is **GRANTED** and the plaintiffs' Motion in Limine (Doc. 595) is **DENIED**.

**IT IS HEREBY ORDERED** that all untimely expert reports identified above, including those submitted by both the plaintiffs and the defendants, are **STRICKEN**.

Signed in Baton Rouge, Louisiana, on August 10, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**