UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH N. BROYLES, ET AL. | CIVIL ACTION |
| VERSUS | |
| CANTOR FITZGERALD & CO, ET AL. | NO. 10-854-JJB-CBW |
| Consolidated with: | |
| JOSEPH N. BROYLES, ET AL. | CIVIL ACTION |
| VERSUS | |
| CANTOR FITZGERALD & CO, ET AL. | NO. 10-857-JJB-CBW |

**THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00857**

**RULING**

This matter is before the Court on the *Motion in Limine to Exclude Evidence and Argument That The Absence of an Investigation or Enforcement Action by Securities Regulators is Evidence of Lack of Wrongdoing* by the Plaintiffs, CA Funds.[1] (Doc. 599). The Defendants, Stifel Financial Corporation, Stifel Nicolaus & Co., Inc., Stone & Youngberg, L.L.C., and Anthony Guaimano (collectively S&Y Parties or S&Y Defendants) have filed an *Opposition*. (Doc. 669). A hearing is not required. For the reasons stated herein, the Plaintiffs' *Motion in Limine* (Doc. 599) is DEFERRED.

**I.    RELEVANT FACTUAL BACKGROUND**

The Court is well-aware of the basic facts giving rise to this case. *See*, Doc. 274. However, for the purpose of this *Motion* the Court will identify certain relevant facts. The CA Funds have

---

[1] The "CA Funds" refers to: CA High Yield Fund, L.L.C.; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, LLC; CA Core Fixed Income Offshore Fund, Ltd.; CA Strategic Equity Fund, L.L.C.; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, L.L.C.; and Sand Spring Capital III Master Fund, L.L.C.

alleged that Stifel Financial and Stifel Nicolaus are liable for Stone & Youngberg's misconduct because, as a result of a Security Exchange Commission (S.E.C.) investigation, Stifel Financial allegedly knew or recklessly failed to know of Stone & Youngberg's liability to Plaintiffs. Rec. Doc. 447 at 175-176, ¶¶509-511. Although the parties are in agreement that "the SEC did not bring an enforcement action against S&Y and ... never formally named S&Y as the target of the investigation," they dispute whether such information should be admissible at trial. (Doc. 599 and Doc. 669).

## II. PARTIES' ARGUMENTS

The CA Funds seeks to preclude the S&Y Defendants from arguing at trial that the absence of an enforcement proceeding by the S.E.C. is evidence of a lack of wrongdoing on the part of the Defendants. Pointing to a National Association of Securities Dealers' (N.A.S.D.) Notice and S&Y's own expert's testimony, the CA Funds argue that it is misleading and unethical to allow the absence of investigation or enforcement proceedings to be introduced as evidence. The CA Funds summarily conclude that such assertions should be excluded because they are irrelevant to the merits of the case and are likely to cause unfair prejudice and jury confusion.

In response, the S&Y Defendants argue that the CA Funds' *Complaint* is replete with allegations regarding the S.E.C.'s investigation, and that Stifel Financial knew or should have known of Stone & Youngberg's alleged liability to them due to an S.E.C. investigation. However, because the investigation did not name Stone & Youngberg as a target or result in any enforcement against it, the S&Y Defendants argue that evidence regarding the scope and outcome of the investigation is responsive to the CA Funds' allegations. The Defendants also cite to a N.A.S.D. Notice, as well as Fifth Circuit jurisprudence, to support its position that "[b]y putting the S.E.C. investigation at issue to prove Commonwealth's underlying wrongdoing, Stone & Youngberg's

alleged participation, and Stifel Financial's purported knowledge of liability to plaintiffs, [the] plaintiffs [have] open[ed] the door to evidence regarding the true scope and outcome of the investigation." (Doc. 669 at 5). The Defendants conclude that by allowing the CA Funds to rely upon the S.E.C. investigation as an indication of wrongdoing, while prohibiting the S&Y Defendants from presenting evidence of the scope and outcome of the S.E.C. investigation, the jury will ultimately be misled.

### III. LAW AND ANALYSIS

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)(citation and internal quotation marks omitted).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial in the instant matter has yet to begin. While it is true that the CA Funds has alleged that "Stifel knew or should have known of the potential liability for the acts complained of ... because of an SEC investigation," no such argument or trial testimony has been presented to the jury reflecting the same. (Doc. 447 at pp. 175-76, ¶¶509 and 511). Therefore, the relevancy

of the scope or outcome of the S.E.C. investigation in this matter remains to be determined. Nevertheless, the Court cautions that if CA Funds "opens the door" by putting the S.E.C. investigation at issue to prove Commonwealth's underlying wrongdoing, Stone & Youngberg's alleged participation, and Stifel Financial's alleged knowledge of liability to CA Funds, then the scope and outcome of the S.E.C. investigation shall be deemed to be fair game and admissible. To allow the jury to infer wrongdoing because of an S.E.C. investigation, is not any less prejudicial than prohibiting the S&Y Defendants from introducing evidence about the scope and outcome of the S.E.C. investigation, specifically as to Stone & Youngberg.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby DEFERS ruling on the CA Funds' *Motion in Limine to Exclude Evidence and Argument That The Absence of an Investigation or Enforcement Action by Securities Regulators is Evidence of Lack of Wrongdoing.* (Doc. 599).

Signed in Baton Rouge, Louisiana, on September 8, 2016.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA