UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH N. BROYLES, ET AL. | CIVIL ACTION |
| VERSUS | |
| CANTOR FITZGERALD & CO, ET AL. | NO. 10-854-JJB-CBW |

Consolidated with:

| | |
|---|---|
| JOSEPH N. BROYLES, ET AL. | CIVIL ACTION |
| VERSUS | |
| CANTOR FITZGERALD & CO, ET AL. | NO. 10-857-JJB-CBW |

**THIS APPLIES TO CIVIL ACTION NO. 3:10-CV-00857**

**RULING**

This matter is before the Court on the *Motion in Limine to Exclude Irrelevant And Prejudicial Evidence Relating to Assertions of Privilege* by Defendants, Stifel Financial Corporation, Stifel Nicolaus & Company, Inc., Stone & Youngberg, L.L.C., and Anthony Guaimano (collectively "S&Y Parties" or "S&Y Defendants")(Doc. 590). The Plaintiffs, CA Funds,[1] have filed an *Opposition*. (Doc. 652). A hearing is not required. For the reasons stated herein, the S&Y Parties' *Motion in Limine* (Doc. 590) is GRANTED.

I.  **LAW**[2]

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion

---

[1] The "CA Funds" refers to: CA High Yield Fund, L.L.C.; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, LLC; CA Core Fixed Income Offshore Fund, Ltd.; CA Strategic Equity Fund, L.L.C.; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, L.L.C.; and Sand Spring Capital III Master Fund, L.L.C.

[2] The basic facts of this case have been outlined by this Court in several previous *Rulings*, and will not be reiterated herein. Rather, the Court adopts the facts previously set forth in its *Ruling* rendered on December 8, 2014. (Doc. 274).

> to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)(citation and internal quotation marks omitted).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The attorney-client privilege is recognized as "the oldest and most venerated of the common law privileges of confidential communications [and] serves [an] important interest in our judicial system." *United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002). The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United Sates*, 449 U.S. 383, 389 (1981). Generally speaking, it is impermissible to draw an adverse inference from the assertion of the attorney-client privilege. *See In re: General Motors, LLC Ignition Switch Litigation*, 2015 WL 8130449 (S.D.N.Y. Dec. 3, 2015). Although "mere reference to the fact that a conversation between attorney and client occurred is not privileged," such evidence is prohibited if it is solely being offered to "enable the jury to draw an adverse inference therefrom." *Beraha v. Baxter Healthcare Corp.*, 1994 WL 494654, at *3 (N.D.Ill. Sept. 6, 1994). "To allow otherwise would effectively 'honor the shield of the attorney-client privilege,' while simultaneously allowing an opposing party to 'use its sword to prove its case.'" *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 2016 WL 278054, at *2 (E.D. Pa. Jan.

2

22, 2016)(quoting *McKesson Info. Sol's., Inc. v. Bridge Medical, Inc.*, 434 F.Supp. 2d 810, 812 (E.D.Cal. 2006)).

## II. ANALYSIS

The Court is well-aware of the contentious discovery battles between the S&Y Parties and the CA Funds, particularly over the failure to produce documents due to the attorney client privilege.[3] In light of these discovery issues, the S&Y Parties have filed the instant motion to thwart any potential suggestion at trial by the CA Funds that the S&Y Parties have asserted attorney client privilege "merely to conceal the truth from the jury." (Doc. 590-1 at 2). The S&Y Parties seek two forms of relief. They have requested that the Court enter an order prohibiting the CA Funds "from arguing or implying at trial that the jury should draw negative inferences from the S&Y Parties' assertions of the attorney-client privilege on the due diligence relating to S&Y's potential contingent liabilities before the Acquisition or on any other issues." (Doc. 590-1 at 2). The S&Y Parties further seek an order barring the CA Funds "from calling a witness for the purpose of drawing an assertion of the attorney-client privilege in open court." (Doc. 590-1 at 2). According to the Defendants, their "proper" assertion of the attorney client privilege to protect what they considered privileged documents during the discovery process is irrelevant to any material issues in this case. Therefore, allowing the jury to draw a negative inference because of such assertions of privilege would be more prejudicial than probative, and would further undermine the purpose of the attorney client privilege.

In response, the CA Funds claim that it has no intention of arguing that the jury draw a negative inference because of the S&Y Defendants' assertions of privilege. However, the CA Funds do argue that it should be permitted to show that documents reflecting the S&Y Parties'

---

[3] *See* Doc. 519 (sealed); Doc. 547; Doc. 558; and Doc. 575.

investigation into their due diligence process in acquiring S&Y have been withheld on the grounds of privilege and are unavailable to be introduced into evidence. The CA Funds further contend that they may be entitled to an inference under the "missing witness" rule.

At this stage of the proceedings, the Court cannot determine what the trial testimony will be and whether these issues will even arise. Nevertheless, the Court finds that the *Motion* shall be granted and the CA Funds are precluded from offering any evidence or argument concerning the S&Y Parties' invocations of their attorney client privilege in this case. As discussed herein, calling the jury's attention to that privilege would only serve to imply that the jury should draw an adverse inference, which this Court finds to be improper. The CA Funds shall further be prohibited from asking any question of the S&Y Parties' witnesses where it would be reasonable to conclude that the question would elicit an invocation of the attorney client privilege. However, the instant *Ruling* has no bearing on whether the CA Funds shall be entitled to a "missing witness" inference at trial. Should the CA Funds seek such an inference at trial, they shall re-urge their request at that time.

### III. CONCLUSION

For the foregoing reasons, the *Motion in Limine to Exclude Irrelevant And Prejudicial Evidence Relating to Assertions of Privilege* (Doc. 590) filed by Defendants, Stifel Financial Corporation, Stifel Nicolaus & Company, Inc., Stone & Youngberg, L.L.C., and Anthony Guaimano is hereby GRANTED.

Signed in Baton Rouge, Louisiana, on September 8, 2016.

 _____
 JUDGE JAMES J. BRADY
 UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF LOUISIANA