UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES, ET AL.                                  CIVIL ACTION

VERSUS

CANTOR FITZGERALD & CO, ET AL.                             NO. 10-854-JJB-CBW

Consolidated with:

JOSEPH N. BROYLES, ET AL.                                  CIVIL ACTION

VERSUS

CANTOR FITZGERALD & CO, ET AL.                             NO. 10-857-JJB-CBW

**THIS APPLIES TO CIVIL ACTION NO. 3:10-854**

**RULING**

Before the Court is the Investor Plaintiffs' *Motion for Partial Summary Judgment* regarding whether they have standing to pursue their claims against Defendants' Walter A. Morales and Commonwealth Advisors, Inc. (collectively, the "Commonwealth Defendants").[1] The Commonwealth Defendants have filed an *Opposition* to which the Investor Plaintiffs have filed a *Reply*.[2]

Twice now the Court has found that the Investor Plaintiffs lacked standing to assert their claims against former co-defendants[3] because the claims were derivative of those

---

[1] Doc. 700. Investor Plaintiffs filed their *Memorandum In Support of Plaintiffs' Motion for Partial Summary Judgment* a second time on July 5, 2016. Doc. 733. The "Investor Plaintiffs" include the following: Joseph N. Broyles, M. Badi Asbahi, Preston Cloyd, Steve Collins and Eileen Collins, Charles and Anne Richey, Susan B. Beninati, Russ P. Barranco, Janice B. Virgadamo, Jody A. Barranco, Karen L. Barranco, the Municipal Employee's Retirement System of Louisiana, the Firefighters' Retirement System, and the Registrar of Voters Employee Retirement System.
[2] Doc. 731 and Doc. 770.
[3] The Court previously dismissed Cantor Fitzgerald & Co. for lack of standing on the Investor Plaintiffs' holder claims, mismanagement claims, fraud claims, rescission claims and negligence claims. Doc. 111. On reconsideration, the Court granted the remaining claim of aiding and abetting a breach of fiduciary duty

of the CA Funds.[4] Although raised as an affirmative defense by the Commonwealth Defendants in their *Answer*,[5] it is the Investor Plaintiffs who have now placed the legal issue of standing on the Court's plate for a summary judgment determination. Specifically, the Investor Plaintiffs contend that they have standing to assert their purchaser claims, which are distinct from their holder claims that were previously dismissed by the Court.[6]

The parties do not dispute the Court's previous finding that Delaware and Cayman law govern the issue of whether the Investor Plaintiffs' claims are direct or derivative.[7] Nor do the parties dispute that the Delaware Supreme Court decision, *Tooley v. Donaldson, Lufkin & Jenrette*,[8] previously relied upon by the Court,[9] sets forth the test for determining whether a claim is derivative or direct. As articulated in *Tooley*, the analysis requires that:

> a court should look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation.[10]

---

without reaching the question of whether the claim was direct or derivative. Doc. 129. On January 13, 2014, the Court entered a *Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure* dismissing Cantor Fitzgerald & Co. with prejudice from the action. Doc. 145. On December 8, 2014, the Court also dismissed the Investor Plaintiffs' claims against Stone & Youngberg LLC, Stifel Financial Corporation, and Stifel, Nicolaus & Company, Inc., for lack of standing. Doc. 274.

[4] The "CA Funds" refers to the following: CA High Yield Fund, LLC.; CA High Yield Offshore Fund, Ltd.; CA Core Fixed Income Fund, LLC; CA Core Fixed Income Offshore Fund, Ltd.; CA Strategic Equity Fund, LLC.; CA Strategic Equity Offshore Fund, Ltd.; Sand Spring Capital III, Ltd.; Sand Spring Capital III, LLC; and Sand Spring Capital III Master Fund, L.L.C.

[5] Doc. 194, p. 3. (*Answer of Commonwealth Defendants to Fifth Amended Complaint*).

[6] Doc. 111, p. 17.

[7] *See* Doc. 731, p. 2; Doc. 700-2, p. 13, n. 27. The Investor Plaintiffs also assert that Cayman law is substantially the same as Delaware law.

[8] *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004).

[9] *See* Doc. 111, p. 11; Doc. 274, p. 4.

[10] *Id.* at 1039.

It is also undisputed that in *Smith v. Waste Mgmt., Inc.*,[11] the Fifth Circuit, applying the *Tooley* standard, held that a stockholder's claims of fraud and negligent misrepresentation were derivative because "[t]he misrepresentations that allegedly caused [plaintiff's] losses injured not just [the plaintiff] but the corporation as a whole."[12] This is where the agreement between the Investor Plaintiffs and the Commonwealth Defendants comes to a halt.

After reviewing the argument and jurisprudence relied upon by the parties, the Court hereby finds merit in the Commonwealth Defendants' "standing" argument set forth in their *Opposition*.[13] The Court further adopts the Commonwealth Defendants' reasoning and analysis as set forth in Section C (2) of its *Opposition* as its own.[14]

Accordingly, the Court hereby denies Investor Plaintiffs' *Motion for Partial Summary Judgment* on the grounds that the Investor Plaintiffs lack standing to assert their claims against the Commonwealth Defendants.[15] The Investor Plaintiffs' claims against Walter A. Morales and Commonwealth Advisors, Inc., are hereby dismissed. This *Ruling* also terminates the *Joint Motion to Certify Judgment Dismissing Stone & Younberg Defendants as Final*.[16]

Signed in Baton Rouge, Louisiana, on February 1, 2017.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[11] *Smith v. Waste Mgmt., Inc.*, 207 F.3d 381 (5th Cir.2005)
[12] *Id.* at 384–85.
[13] Doc. 731. The Court rejects the Commonwealth Defendants' argument—that the CA Funds' bankruptcy proceedings prohibit the Investor Plaintiffs from seeking true rescission and therefore would result in double recovery—because it lacks evidentiary and legal support. Doc. 731, Section C (3), pp. 7-9.
[14] Doc. 731, Section C (2), pp. 5-6.
[15] Doc. 700.
[16] Doc. 912.