UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH N. BROYLES                    CIV. ACTION NO. 3:10-857
                                     c/w CIV. ACTION NO. 3:10-854
V.

CANTOR FITZGERALD & CO, ET AL.       SDD-CBW

## SEVENTH REPORT OF SPECIAL MASTER

A Status Conference was held on January 15, 2020 [Docket number 10-857, Record document 233] by the undersigned pursuant to the Order of December 19, 2019. [Docket number 10-857, Record document 223]. Present were:

    Kirk Reasonover, Esq.
    Nicholas Harold Berg
        Counsel for CA Fund Plaintiffs

    Fredrick R. Tulley, Esq.
    Harry T. Phillips, Jr., Esq.
        Counsel for Commonwealth Advisors, Inc.

    Scott D. Wilson, Esq.
        Counsel for Noel Caldwell

    Patrick N. Broyles, Esq.
    Jason W. Burge, Esq.
        Counsel for Investor Plaintiffs

    Kevin Miller
        *pro se*

The current status of this litigation was discussed by all present. Based on the discussions with counsel, and with Mr. Miller appearing *pro se*, the undersigned makes the following Report and Recommendations to the Court.

### A. STIPULATION OF DISMISSAL BY THE CA FUNDS PLAINTIFFS OF DEFENDANT KEVIN MILLER

The undersigned was notified by counsel for the CA Funds plaintiffs that the CA Funds plaintiffs had settled all claims with the defendant Kevin Miller. Mr. Miller confirmed that he had reached a settlement with the CA Funds plaintiffs. Counsel informed the undersigned that a stipulation of dismissal in that regard would shortly be filed. As promised, the Stipulation of Dismissal as to Kevin Miller was filed on the afternoon of January 15. [Docket number 10-857, Record document 234]. Accordingly;

**IT IS RECOMMENDED** that the Judgment of Dismissal filed by counsel for the CA Funds plaintiffs dismissing the claims of the CA Funds plaintiffs against the defendant Kevin Miller [Docket number 10-857, Record document 234] be **granted** and signed by the Court.

### B. STIPULATION OF DISMISSAL BY CA FUNDS PLAINTIFFS OF DEFENDANT NOEL CALDWELL

Counsel for the CA Funds plaintiffs informed the undersigned that the CA Funds plaintiffs had settled all claims against the defendant Noel Caldwell. Counsel

for Noel Caldwell confirmed that all claims by the CA Funds plaintiffs had been settled. Accordingly;

**IT IS RECOMMENDED** that the Judgment of Dismissal filed by counsel for the CA Funds plaintiffs dismissing all claims against the defendant Noel Caldwell be granted and signed by the Court. [Docket number 10-857, Record document 227].

## C. PENDING MOTIONS

All counsel present confirmed that all of the parties remaining in this litigation, in both Docket numbers 10-854 and 10-857, were represented by counsel present in Court. No unrepresented parties remained in this litigation, under either docket number.

### 1. Pending motions in Docket Number 10-854

All counsel agreed that the following motions were **moot**, and could accordingly be dismissed:

Record documents 576, 577, 583, 584, 585, 592, 593, 594, 596, 597, 598, 599, 750, 751, 752, 753, 754, 755, 756, 758, 759, 761 and 763.

Record documents 586, 591 and 827 did not appear on the Pending Motions Report prepared for the undersigned by the Clerk. The parties indicated that they believed those three motions might still be pending. If so, the parties agreed that these three motions (Record documents 586, 591 and 827) were also **moot**. Accordingly;

**IT IS RECOMMENDED** that the motions bearing the following Record document numbers be **dismissed** by the Court as **moot**: 576, 577, 583, 584, 585, 592, 593, 594, 596, 597, 598, 599, 750, 751, 752, 753, 754, 755, 756, 758, 759, 761 and 763.

**IT IS FURTHER RECOMMENDED** that the motions bearing record document numbers 586, 591 and 827 also be **dismissed** as **moot** if necessary.

**D. DOCKET NUMBER 10-857**

The only parties remaining in the case bearing this Docket number are the CA Funds plaintiffs and the defendants Commonwealth Advisors, Inc. and Walter A. Morales, III. Counsel for the CA Funds plaintiffs and the defendants Commonwealth and Morales both informed the undersigned that all claims between the parties have been settled, and that a written settlement agreement has been signed by all parties. Apparently, that settlement agreement provides that certain payments be made by the defendants, and that the defendants have 90 days within which to make these

payments. The parties indicated their intention to file a stipulation of dismissal once all payments had been made.

The undersigned informed counsel for the parties that rather than wait the 90 days for the filing of the dismissal, that the undersigned would recommend to the Court that the Court enter a conditional dismissal now, dismissing the entirety of the claims made by the CA Funds plaintiffs against Commonwealth Advisors Inc. and Walter Morales, III and allowing counsel to file a motion to reopen the case within 90 days if the necessary payments are not made. Counsel voiced no objection to this procedure. Accordingly;

**IT IS RECOMMENDED** that the Court dismiss Docket Number 10-857 with prejudice, provided that the parties have 90 days within which to move the Court to reopen this case in the event that the provisions of the settlement agreement between the parties are not completed.

**E. DOCKET NUMBER 10-854**

The only motion which remains pending, in either docket number, is the motion filed by the Individual Investors to set this case for trial. [Docket number 10-854, Record document 956]. The undersigned discussed with counsel whether additional discovery would be necessary, whether additional motion practice was indicated and the potential length of trial.

The parties agreed that there are four claims made by the Individual Investors against the Defendants, to wit, common-law fraud (Count I), claims under the Louisiana Blue Skies laws (Count II), breach of fiduciary duty (Count III) and negligence and gross negligence (Count IV).

Counsel for the Individual Investors argued that no additional discovery and no additional motion practice should be allowed because the deadlines contained in the original Pretrial Order had lapsed. Counsel for the defendants Commonwealth Advisors and Morales argued that the posture of the case had changed so much since the original Pretrial Order was entered that additional discovery was necessary and that additional motion practice was necessary to limit the issues to be tried to the jury.

This case has undergone massive changes since the original Scheduling Order and Pretrial Order were entered. The large number of settlements with various defendants by CA Funds has dramatically changed the posture of the remaining claims. The trial of this case will be much shorter than would have been the case before the settlements. The issues to be determined by the jury at trial are much different now than would have been the case under the original Pretrial Order. Unquestionably, a new Pretrial Order will have to be prepared and approved by the Court.

The undersigned became familiar with the issues to be tried prior to the settlement reached by the CA Funds plaintiffs and the defendants. While many of the issues will remain, many issues do not; additionally, some of the issues left for trial will undoubtedly be different because of the settlements.

For these reasons, the undersigned believes that some additional discovery is probably necessary. That does not mean that discovery should be left completely open. Rather, particularized discovery on an "as needed" basis should be allowed, but only after a reasonable showing has been made by the party requesting the discovery.

Similarly, some additional pretrial motion practice would probably be beneficial in narrowing the trial issues and making the case easier for the jury to decide, as well as shortening the trial. I believe that some of these motions can probably be filed very soon. At this point, I do not see any motion practice which is likely to be made necessary by additional discovery, although that may of course happen.

Counsel for the defendants said that many of his witnesses were outside the State of Louisiana and that it was likely that at least some of these witnesses who are out-of-state will have to be deposed, and their trial testimony be presented by deposition. Counsel for the Plaintiff Investors said that he would cooperate with

counsel for the defendants in perpetuating the testimony of those out-of-state witnesses for trial.

The parties agreed that trial would likely take two weeks. Both parties maintained their request for trial by jury. Both parties agreed that a new Pretrial Order was necessary. Accordingly;

**IT IS RECOMMENDED** that the Court **grant** the plaintiff's motion to set this case for trial [Docket number 854, Record document 956] and set trial in this case on a date which will allow 10 trial days. Furthermore, I recommend that additional discovery should be allowed on a showing of need and additional motion practice be allowed only with leave of court. In this way any such discovery and motion practice can be monitored so that this case can be tried on the date set with the minimum additional cost possible.

The undersigned is aware that the general practice of this Court is not to set a trial date until discovery and motion practice is complete. Given the age of the remaining case [Docket number 10-854] and the peculiar procedural history, I suggest that the better practice here is to immediately set a trial date, preferably in late 2020 or very early 2021, and to craft pretrial deadlines so as to allow the case to be tried on the date set.

## F. RULE TO SHOW CAUSE

At the Status Conference held on December 19, 2019 [Docket number 10-857, Record document 223] the undersigned ordered Mr. Scott Wilson to show cause why the undersigned should not recommend that he be sanctioned. For those reasons set out orally at the status conference held on January 15, 2020 [Docket number 10-857, Record document 233] the undersigned **does not** recommend that Mr. Wilson be sanctioned.

**Any party wishing to object to this Recommendation shall file its objections no later than 21 days from service of this Recommendation.**

Baton Rouge, Louisiana, January 19, 2020.

                                                   **C. MICHAEL HILL**
                                                   **SPECIAL MASTER**